**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | | |
|---|---|---|
| GUNTERT & ZIMMERMAN CONST. | ) | |
| DIV., INC., a California Corporation, | ) | |
| | ) | C.A. No. 5:20-cv-4007 |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| GOMACO CORP.,  an Iowa Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Guntert & Zimmerman Const. Div., Inc. ("G&Z") files this Complaint for Patent Infringement and Demand for Jury Trial against Defendant Gomaco Corp. ("Defendant" or "Gomaco") and alleges as follows:

### THE PARTIES

1.      G&Z is a California Corporation with its principal place of business at 222 East Fourth Street in Ripon, California 95366.

2.      Gomaco is an Iowa Corporation with its principal place of business at 121 East Highway 175 in Ida Grove, IA  51445.  Gomaco may be served through its agent for service of process, Evelyn Lawhead, at 119-121 East Highway 175, P.O. Box 151, in Ida Grove, IA  51445.

### JURISDICTION AND VENUE

3.      This action arises under the Patent Act, 35 U.S.C. § 101 *et seq*.  This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

1

5.     This Court has personal jurisdiction over Defendant because Defendant regularly and continuously does business in this District and has infringed or induced infringement, and continues to do so, in this District.  Defendant is organized under the laws of the State of Iowa and has its principal place of business in Ida Grove, Iowa.  The Court also has personal jurisdiction over Defendant because Defendant has established minimum contacts with the forum and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

## G&Z'S INNOVATIONS

6.     Since its founding in 1942, G&Z has been known for its innovations and pioneering spirit to help make contractors as productive as possible.  G&Z pioneered and introduced the first concrete highway and airport slipform pavers mounted on crawler tracks with automatic line and grade control in 1956.  G&Z is constantly developing new technology and upgrading its existing product offerings, which include a full range of slipform pavers and support equipment such as placers, placer spreaders, mechanical dowel bar inserters, texture cure machines, and concrete plants.

7.     Today, G&Z offers a wide range of concrete slipform paver models along with other support equipment.  Shown below is G&Z's S400 Compact Slipform Paver with G&Z's patented SmartLegs and AccuSteer technology:

2



*See* Exhibit 6.

8. Shown below is G&Z's S600 Slipform Paver with G&Z's patented SmartLegs and AccuSteer technology:



*See* Exhibit 7.

9.    Shown below is G&Z's S850SL Slipform Paver with G&Z's patented SmartLegs and AccuSteer technology:



*See* Exhibit 8.

10.    Shown below is a drawing from the application for G&Z's U.S. Patent No. 10,029,749, showing certain aspects of its SmartLegs and AccuSteer technology:



## G&Z'S ASSERTED PATENTS

11.     On July 18, 2017, the United States Patent and Trademark Office ("USPTO")
issued to Ronald M. Guntert, Jr., Gerald Dahlinger, and Richard Wood Francis U.S. Patent No.
9,708,020 ("the '020 Patent"), titled ADJUSTABLE BOLSTER SWING LEGS FOR
REORIENTING CRAWLERS FOR SLIPFORM PAVING MACHINES.  A true and correct
copy of the '020 Patent is attached to this Complaint as Exhibit 1 and is incorporated by
reference herein.

12.     All rights, title, and interest in the '020 Patent have been assigned to G&Z, who is
the sole owner of the Patent.  G&Z has been the sole owner of the '020 Patent since its issuance.

13.     The '020 Patent is generally directed toward a concrete paving machine with at
least four crawler tracks, all of which are connected to the center module of the paving machine
though rotating jacking columns and swing legs that are able to navigate around obstacles in the

paving path with minimal disruption to the direction, timing, or flow of paving. The '020 Patent discloses and specifically claims inventive concepts that represent significant improvements over conventional paving machine technology that was available at the time of filing of the '020 Patent.

14.    On March 6, 2018, the USPTO issued to Ronald M. Guntert, Jr., Gerald Dahlinger, and Richard Wood Francis U.S. Patent No. 9,908,571 ("the '571 Patent"), titled ADJUSTABLE BOLSTER SWING LEGS FOR SLIPFORM PAVING MACHINES. A true and correct copy of the '571 Patent is attached to this Complaint as Exhibit 2 and is incorporated by reference herein.

15.    All rights, title, and interest in the '571 Patent have been assigned to G&Z, who is the sole owner of the Patent. G&Z has been the sole owner of the '571 Patent since its issuance.

16.    The '571 Patent is generally directed toward a paving machine for laying concrete in a molded form, with crawler tracks connected by swing legs to forward and aft bolsters of the paving machine, and those crawler tracks able to navigate around obstacles or within tight spaces automatically with minimal disruption to the direction, timing, or flow of paving. The '571 Patent discloses and specifically claims inventive concepts that represent significant improvements over conventional paving machine technology that was available at the time of filing of the '571 Patent.

17.    On July 24, 2018, the USPTO issued to Ronald M. Guntert, Jr., Gerald Dahlinger, and Richard Wood Francis U.S. Patent No. 10,029,749 ("the '749 Patent"), titled AUTOMATICALLY ADJUSTING SWING LEGS FOR MOUNTING AND ALIGNING AND REORIENTING CRAWLERS. A true and correct copy of the '749 Patent is attached to this Complaint as Exhibit 3 and is incorporated by reference herein.

6

18.     All rights, title, and interest in the '749 Patent have been assigned to G&Z, who is the sole owner of the Patent.  G&Z has been the sole owner of the '749 Patent since its issuance.

19.     The '749 Patent is generally directed toward a paving machine for spreading, leveling, and finishing concrete with at least one swing leg for maneuvering and at least two transducers for sending signals to maneuver the paving machine around obstacles with minimal disruption to the direction, timing, or flow of paving.  The '749 Patent discloses and specifically claims inventive concepts that represent significant improvements over conventional paving machine technology that was available at the time of filing of the '749 Patent.

20.     On August 21, 2018, the USPTO issued to Ronald M. Guntert, Jr., Gerald Dahlinger, Richard Wood Francis, and Randall Smith U.S. Patent No. 10,053,167 ("the '167 Patent"), titled ADJUSTABLE BOLSTER SWING LEGS FOR SLIPFORM PAVING MACHINES.  A true and correct copy of the '167 Patent is attached to this Complaint as Exhibit 4 and is incorporated by reference herein.

21.     All rights, title, and interest in the '167 Patent have been assigned to G&Z, who is the sole owner of the Patent.  G&Z has been the sole owner of the '167 Patent since its issuance.

22.     The '167 Patent is generally directed toward a concrete paver with at least three legs, where a power drive can maneuver these legs around obstacles with minimal disruption to the direction, timing, or flow of paving.  The '167 Patent discloses and specifically claims inventive concepts that represent significant improvements over conventional paving machine technology that was available at the time of filing of the '167 Patent.

23.     On February 5, 2019, the USPTO issued to Ronald M. Guntert, Jr., Gerald Dahlinger, and Richard Wood Francis U.S. Patent No. 10,196,101 ("the '101 Patent"), titled AUTOMATICALLY ADJUSTING SWING LEGS FOR MOUNTING AND ALIGNING AND

REORIENTING CRAWLERS. A true and correct copy of the '101 Patent is attached to this Complaint as Exhibit 5 and is incorporated by reference herein.

24.     All rights, title, and interest in the '101 Patent have been assigned to G&Z, who is the sole owner of the Patent. G&Z has been the sole owner of the '101 Patent since its issuance.

25.     The '101 Patent is generally directed toward a paving machine for spreading, leveling, and finishing concrete with at least two swing leg assemblies for maneuvering and at least two transducers for sending signals to maneuver the paving machine around obstacles with minimal disruption to the direction, timing, or flow of paving. The '101 Patent discloses and specifically claims inventive concepts that represent significant improvements over conventional paving machine technology that was available at the time of filing of the '101 Patent.

## **GOMACO'S PRODUCTS**

26.     Gomaco makes, uses, sells, and/or offers for sale in the United States and this District products and services that perform slipform paving, including its GP3, GP4, GP-2400, Commander III (three and four track), 3300, Xtreme GT-3600, and Xtreme Commander IIIx products (collectively, the "Accused Products").

27.     Gomaco's "Slipform Paver" line includes its GP3, GP4, GP-2400, and Commander III (four track) products.

28.     Gomaco's "Curb & Gutter" line also performs slipform paving, and includes its 3300, Xtreme GT-3600, and Xtreme Commander IIIx products.

### GP3 Product

29.     Gomaco's GP3 product is a slipform paver with four swing legs connected to four upright jacking columns (or upright legs), with a crawler track connected to the base of each upright leg by rotary-sensored slew drives on the crawler tracks allowing a wide range of

8

steering angles from any swing leg position (pivot arms) and hydraulically actuated, rotary sensed, swings legs (pivot arms), as shown below:



*See* Exhibit 9 at 9.

30.     The four crawler tracks and swing legs on Gomaco's GP3 Product can pivot and rotate to provide "straight ahead track positioning" through sensors found both on the rotary slew drives on the crawler tracks and pivoting swing legs, as shown below:



Sensored steer feedback with sensored leg pivots provide continuous reference for the straight-ahead track positioning.

*See* Exhibit 9 at 5.

<u>GP4 Product</u>

31.    Gomaco's GP4 product is a slipform paver with four swing legs connected to four upright jacking columns (or upright legs), with a crawler track connected to the base of each upright leg by rotary-sensored slew drives on the crawler tracks allowing a wide range of steering angles from any swing leg position and pivoting swing legs, as shown below:



The GP4 design utilizes rotary-sensored slew drives for radial swing on the pivot arms and also for the track rotation.

*See* Exhibit 10 at 3.

32. The four crawler tracks and swing legs on Gomaco's GP4 Product can pivot and rotate to provide "straight ahead track positioning" through sensors on the rotary-sensored slew drives on the crawler tracks allowing a wide range of steering angles from any swing leg (pivot leg) position and hydraulically actuated, rotary sensed swing legs (pivot arms), as shown below:



Sensored steer feedback with sensored leg pivots provide continuous reference for the straight-ahead track positioning.

*See* Exhibit 10 at 3.

<u>GP-2400 Product</u>

33.     Gomaco's GP-2400 product is a slipform paver with four pivoting swing legs that are mechanically actuated, connected to four upright jacking columns (or upright legs), with a crawler track connected to the base of each upright leg that is steered with a smart cylinder within a limited range :



**Four-Track GP-2400**

3100 series open-front mold, vibrators, and a 14 inch (356 mm) diameter auger and adjustable stainless to provide the superior GOMACO finish.

Emergency stop buttons are located on strategic areas of the machine.

Industrial strength molded leg caps provide component protection.

GOMACO's exclusive G+₆ control system.

U-shaped platform designed with the operator in mind provides easy access, a skid resistant surface, and ultimate operator visibility.

Pivoting legs swing for easy positioning during operation and to the outboard position for easy loading and transport.

Frame has 6.5 foot (2 m) telescoping on left side.

Exclusive "smart" steering cylinders used for dependable steering control, with electronic feedback for push-button steering setup and setting parameters.

Manual leg height adjustment.

Hydraulic leg height adjustment of 42 inches (1067 mm).

Hydraulically powered, split vertical tamping system.

Track circuits provide up to 44 fpm (13 mpm) operating speed and 96 fpm (29 mpm) for job-site mobility.

Track guards provide added safety.

18 vibrator circuit controls located directly above the vibrators. The controls are within easy reach for the operator.

Reversible 14 inch (356 mm) diameter split auger.

Aluminum work bridge.

Two 100 gallon (378.5 L) water tanks. High-pressure water system for clean-up.

Hydraulic pressure-compensated sideplates with up to 19 inches (483 mm) of adjustment.

Hydraulic vibrators synchronized with machine movement.

T-beam mounting rail for accurate and quick mold positioning, quick mounting, and removal of the mold on the job site.

Vibrator lift.

*See* Exhibit 11 at 9.

34.     Gomaco offers the GP-2400 with Smart Leg Positioning and Smart / Extreme Steering, which allows the crawler tracks and swing legs pivot and rotate to provide "straight ahead track positioning" through sensors on the rotary-sensored slew drives on the crawler tracks allowing a wide range of steering angles from any swing leg (pivot leg) position and hydraulically actuated, rotary sensed swing legs (pivot arms) as shown below:

13



Commander III (three and four track) Products

35.     Gomaco's Commander III (three track) product is a three-legged slipform paver with one swing leg, three upright jacking columns, a crawler track connected to the base of each upright jack, and "smart" steering cylinders that can pivot and rotate the swing leg and crawler tracks for dependable steering control, as shown below:



• Hydraulic power-swing leg for positioning left-front track.

• Hydraulic telescoping leg for positioning right-front track.

• Tool box.

• Hydraulic power-slide leg for positioning rear track.

• Exclusive "smart" steering cylinders, used for dependable steering control feedback for push-button steering setup, and setting parameters.

*See* Exhibit 12 at 10.

36.　　Gomaco's Commander III (four track) product is a slipform paver with four swing legs connected to four upright jacking columns (or upright legs), with a crawler track connected to the base of each upright leg that is steered with a smart cylinder within a limited range:



- GOMACO G+® control system in the pivoting console.
- Vibrator controls with sixteen hydraulic circuits and four vibrators.
- Operator's platform provides easy access and ultimate operator visibility. The platform also features a special skid-resistant surface on the walkway for safety and is vibration isolated for operator comfort.
- Pivoting legs that swing to the outboard position for easy loading and transport.
- Each leg is adjustable in four inch (102 mm) increments for 28 inches (711 mm) of manual adjustment with 42 inches (1067 mm) of hydraulic adjustment.
- Piston-style legs.
- GBox on every leg to accommodate improved steering and grade with G+ controls.
- Track circuits provide up to 37.1 feet per minute (11.3 mpm) operating speed and 98 feet per minute (29.9 mpm) for job-site mobility.
- A roller frame provides easy and accurate width changes. The Commander III's frame hydraulically telescopes on the left side up to six feet (1.83 m). The dual rollers, mounted to the top and bottom of the outer frame tubes, position the inner tube and reduce the amount of surface to surface contact area when telescoping. The roller frame was originally developed for the Commander III with a V2 mold. The V2 is GOMACO's dual mold system that is hydraulically adjustable for paving at different widths. The roller frame provides a fluid action as the V2 mold is making on-the-go width changes for tapered slabs. This roller frame is now standard on all GOMACO Commander III four-track machines. It can also be retrofitted in the field on existing Commander IIIs.
- Optional aluminum work bridge extends from 10 feet (3.05 m) to 18.9 feet (5.76 m) and folds up for transport.
- Pressure-compensated, sideplates.
- 3100 series open-front mold, vibrators and a 14 inch (356 mm) diameter auger and adjustable stainless to provide the superior GOMACO finish.
- Exclusive "smart" steering cylinders, used for dependable steering control feedback for push-button steering setup, and setting parameters.

*See* Exhibit 12A at 16.

      37.    Gomaco offers the Commander III (four track) Product with Smart Leg Positioning and Smart / Extreme Steering, which allows the crawler tracks and swing legs to pivot and rotate to provide "straight ahead track positioning" through sensors on the rotary-sensored slew drives on the crawler tracks, allowing a wide range of steering angles from any swing leg (pivot leg) position and hydraulically actuated, rotary sensed swing legs (pivot arms) as shown below:



<u>3300 Product</u>

38.　　Gomaco's 3300 product is a three-legged slipform paver with two swing legs, and one power slide mount with three upright jacking columns (or upright legs), and a crawler track connected to the base of each upright leg by a rotary-sensored slew drive, as shown below:



*See* Exhibit 13 at 10.

39.     The crawler tracks and swing legs on Gomaco's 3300 Product can pivot and rotate to provide "straight ahead track positioning" through sensors on the rotary slew drives on the crawler tracks and smart cylinders (with lineal transducers) on each of the pivot legs.  The rear crawler track is mounted to a power slide arrangement with a smart cylinder (with lineal transducer) to reposition the leg with crawler track laterally.  Steering, including 90 degree steering, can be done through a sensor on the rotary slew drive on the rear crawler track as shown below:



Power-Slide
Rear Leg

*See* Exhibit 13 at 4.

40.     Gomaco's Xtreme GT-3600 product is a three-legged slipform paver with three upright jacking columns (or upright legs), and a crawler track connected to the base of each upright leg by a rotary-sensored slew drive, as shown below:



The Xtreme GT-3600's tracks can rotate farther than ever before. The rotary-sensored slew drives allow the tracks to rotate 90 degrees and more for quick side travel and to slipform a tight radius.

*See* Exhibit 14 at 4.

Xtreme Commander IIIx Product

41.     Gomaco's Xtreme Commander IIIx product is a three-legged slipform paver with one swing leg (with lineal transducer), one telescoping leg (with lineal transducer), and one power slide leg (with lineal transducer) each with upright jacking columns (or upright legs), and a crawler track connected to the base of each upright leg by a rotary-sensor slew drive, as shown below:



The Commander III features the sideshifting and vertical-lifting trimmerhead, mold drawbar and hold-down assembly.

*See* Exhibit 12 at 11.

42.     The crawler tracks and swing leg on Gomaco's Xtreme Commander IIIx Product can pivot and rotate to allow the crawler track to be repositioned while staying straight ahead through a smart cylinder (with lineal transducer) on the swing leg and sensors on the rotary slew drive.  The telescoping leg and power slide leg are repositioned using smart cylinders, as shown below:

- Achieve Xtreme Steering with the rotary-sensored slew drives, on each of the three tracks for extreme steering.

- The extreme steering capabilities, combined with the Commander IIIx's sensored All-Track Steering (ATS) and sensored All-Track Positioning (ATP), make it the ultimate, intelligent slipform paver.

- The intelligent ATP on the Commander IIIx includes a smart hydraulic cylinder on all three legs. The smart cylinders allow G++ to know the position of all three tracks and can make steering adjustments as needed.

*See* Exhibit 12 at 2.

## **DEFENDANT'S WILLFUL INFRINGEMENT OF G&Z'S PATENTS**

43.     Gomaco has been, is, and continues to infringe the '749, '101, '571, '020, and '167 Patents (collectively, the "Asserted Patents") in this Judicial District and elsewhere in the

United States by, among other things, making, using, selling, and offering for sale their products and services that utilize the Accused Products.

44. Gomaco is well aware of G&Z's patents, including the Asserted Patents, and has continued its infringing activity despite this knowledge for years. G&Z filed the parent application to the Asserted Patents in or around 2010, and began to market the inventions disclosed therein as "SmartLeg" technology. After incorporating this groundbreaking "SmartLeg" technology into its own products, G&Z gained market share in or around 2011 and lured customers away from Gomaco, including some of Gomaco's key accounts, on account of the "SmartLeg" technology in G&Z's products.

45. In or around 2015, Gomaco introduced its GP3 product containing G&Z's patented "Smart Leg" technology.

46. Gomaco advertised its GP3 product as having "Smart Leg Positioning" technology in or around 2016.

47. Later, Gomaco scaled back its use of the term "Smart Leg" to describe its infringing products. *See* Exhibit 15.

48. Gomaco's initial use of the "SmartLeg" terminology shows that it was aware of G&Z's inventions and the Asserted Patents.

49. In or around late 2015 or early 2016, Gomaco significantly undercut the market in an effort to penetrate the market with their new GP3 and to win back customers that it had lost to G&Z, forcing G&Z to lower its own prices for products containing its patented "SmartLeg" technology. G&Z lost significant margin and sales as a result of Gomaco's introduction of products that infringed G&Z's patents at below market rates.

21

50.     Gomaco's knowledge of the Asserted Patents is also shown by prior statements it made to the U.S. Patent and Trademark Office.  Gomaco cited the Asserted Patents and their related patents to when it attempted to prosecute its own patents copying G&Z's patented technology between 2014 and 2017.

51.     Gomaco cited three of G&Z's patents or patent applications during prosecution of Gomaco's U.S. Patent No. 9,541,195, including: the '727 Patent asserted here; U.S. Patent Pub. 2016/0251042, which relates to the '020 Patent asserted here; and U.S. Patent Pub. 2011/0236129, which relates to the parent patent for all Asserted Patents in this case.

52.     During prosecution of its U.S. Patent No. 10,005,489, Gomaco cited the '727 Patent asserted here, U.S. Patent Pub. 2016/0251042, and U.S. Patent Pub. 2011/0236129.

53.     During prosecution of Gomaco's U.S. Patent No. 9,464,716, it cited U.S. Patent Pub. 2011/0236129, which relates to the parent patent for all Asserted Patents in this case.

54.     Thus, there can be no doubt Gomaco was, and is, aware of its own infringement of the Asserted Patents.  Gomaco continues to infringe despite this knowledge.

55.     Finally, Gomaco and G&Z complete closely in a market that has relatively few competitors.  Gomaco's press releases show that it is a direct competitor with G&Z.  *See* Exhibit 16.

56.     The products at issue are large, expensive paving machines sold globally for massive projects that include paving government-owned highways and airports.

57.     Companies in this market regularly attend the same trade shows and develop long-term relationships with the same customers.

58.     Gomaco has been familiar with G&Z, its products, and its marketing literature, for decades due to the close space the two companies occupy in the market.

59.     Gomaco is also aware of G&Z's patents through G&Z's product line.

60.     G&Z has continuously marked its products and marketing literature with the numbers of its current patents, including the Asserted Patents.

61.     G&Z's website lists all active patents and the products they cover, including the Asserted Patents.  *See* Exhibit 17.  G&Z's serial number plates on its products, and accompanying marketing literature, carry the same web link to its Asserted Patents.

62.     As shown above, Gomaco knew it infringed the Asserted Patents well before G&Z filed this action, and Gomaco acted egregiously and willfully in that it continued to infringe G&Z's patents and, on information and belief, took no action to avoid infringement. Instead, Gomaco continued to develop additional technologies and products that infringe the Asserted Patents, including the products accused in this action.  As such, Gomaco has continued to willfully, wantonly, and deliberately engage in acts of infringement of the Asserted Patents.

## COUNT I
### (Direct Infringement of the '749 Patent pursuant to 35 U.S.C. § 271(a))

63.     G&Z repeats, realleges, and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

64.     Gomaco has infringed and continues to infringe Claims 1-20 of the '749 Patent in violation of 35 U.S.C. § 271(a).

65.     Gomaco's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

66.     Gomaco's acts of making, using, selling, and offering for sale infringing products and services have been and are without the permission, consent, authorization, or license of G&Z.

67.     Gomaco's infringement includes, but is not limited to, the manufacture, use, sale, and/or offer for sale of Gomaco's products and services, including its GP3, GP4, GP-2400, Commander III (three and four track), 3300, Xtreme GT-3600, and Xtreme Commander IIIx products, and all products or services that incorporate Gomaco's Smart Leg Positioning and/or Smart Track / Extreme Steering and contain the components listed in the next paragraph (collectively, the "'749 Accused Products").

68.     The '749 Accused Products embody the patented invention of and infringe the '749 Patent because they contain: a swing leg assembly coupled with a module frame; a crawler track; an upright jacking column secured to the swing leg with a upright-axial rotary connection to the crawler track; transducers that indicate the relative angles of the crawler track, jacking column, and swing leg; a power drive between the jacking column and crawler track; and a processor able to receive signals from the transducers and rotate the crawler track in response to changes in the angle of the swing leg.

69.     For example, the picture below shows the swing leg, jacking column, rotary connection, and crawler track of Gomaco's GP4 product:



*See* Exhibit 10 at 3.

70.     Gomaco's Smart Leg Positioning and Smart Track / Extreme Steering contain the transducers and power drive that communicate with the processor, as shown below:



**Smart Leg Positioning**
Pivot arms for the paver legs feature rotary-sensored slew drives. These Smart Pivots provide the G+ controls with information on the angle of rotation, which coupled with the track rotation sensors, maintain the tracks in the straight-ahead line for steering.

**Smart Track Steering**
Track steering and rotation is accomplished with rotary-sensored slew drives. This smart track rotation provides the G+ controls with exact track location and position. Extreme steering is now possible, with the tracks having the ability to steer farther than ever before.

Smart leg pivoting and smart track rotation now lets the G+ system automatically control the direction and speed of each individual track as it travels through a radius.

*See* Exhibit 10 at 3.

71.     As shown in paragraphs 26 through 62 above, the remaining '749 Accused Products contain substantially similar components and operate in substantially the same manner, such that they also infringe the '749 Patent.

72.     Gomaco has been long-aware of G&Z's patents, including the '749 Patent. Despite knowing that its products infringe the '749 Patent, on information and belief Gomaco made no effort to avoid infringement but instead incorporated infringing technology into additional products, including those identified in this complaint.

73.     The actions described above demonstrate Gomaco's blatant and egregious disregard for G&Z's patent rights.  As such, Gomaco acted recklessly, willfully, wantonly, and deliberately engaged in acts of infringement of the '749 Patent, justifying an award to G&Z of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

74.     Gomaco's infringement of the '749 Patent has injured and continues to injure G&Z in an amount to be proven at trial, but not less than a reasonable royalty.

75.     Gomaco's infringement has caused and is continuing to cause damage and irreparable injury to G&Z, and G&Z will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.  G&Z is entitled to injunctive relief.

## COUNT II
### (Direct Infringement of the '101 Patent pursuant to 35 U.S.C. § 271(a))

76.     G&Z repeats, realleges, and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

77.     Gomaco has infringed and continues to infringe Claims 1-19 of the '101 Patent in violation of 35 U.S.C. § 271(a).

78.     Gomaco's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

79.     Gomaco's acts of making, using, selling, and offering for sale infringing products and services have been and are without the permission, consent, authorization, or license of G&Z.

80.     Gomaco's infringement includes, but is not limited to, the manufacture, use, sale, and/or offer for sale of Gomaco's products and services, including its GP3, GP4, GP-2400, Commander III (four track), and 3300 products, and all other products or services that have two or more swing leg assemblies and incorporate Gomaco's Smart Leg Positioning and/or Smart Track / Extreme Steering (collectively, the "'101 Accused Products").

81.     The '101 Accused Products embody the patented invention of and infringe the '101 Patent because they contain two or more swing leg assemblies and each comprises: a swing leg; a crawler track; an upright jacking column with a upright-axial rotary connection to the crawler track; transducers that indicate the relative angles of the crawler track, jacking column, and swing leg; and a power drive between the jacking column and crawler track, as well as a

processor able to receive signals from the transducers and rotate the crawler track in response to changes in the angle of the swing leg.

82.    For example, the picture below shows the swing leg, jacking column, rotary connection, and crawler track of Gomaco's GP4 product:



*See* Exhibit 10 at 3.

83.    The picture below shows that Gomaco's GP4 product contains two or more swing leg assemblies:



*See* Exhibit 10 at 3.

84.     Gomaco's Smart Leg Positioning and Smart Track / Extreme Steering contain the

transducers and power drive that communicate with the processor, as shown below:

**Smart Leg Positioning**
Pivot arms for the paver legs feature rotary-sensored slew drives. These Smart Pivots provide the G+ controls with information on the angle of rotation, which coupled with the track rotation sensors, maintain the tracks in the straight-ahead line for steering.

**Smart Track Steering**
Track steering and rotation is accomplished with rotary-sensored slew drives. This smart track rotation provides the G+ controls with exact track location and position. Extreme steering is now possible, with the tracks having the ability to steer farther than ever before.

Smart leg pivoting and smart track rotation now lets the G+ system automatically control the direction and speed of each individual track as it travels through a radius.

*See* Exhibit 10 at 3.

85.     As shown in paragraphs 26 through 62 above, the remaining '101 Accused

Products contain substantially similar components and operate in substantially the same manner,

such that they also infringe the '101 Patent.

86.     Gomaco has been long-aware of G&Z's patents, including the '101 Patent. Despite knowing that its products infringe the '101 Patent, on information and belief Gomaco made no effort to avoid infringement but instead incorporated infringing technology into additional products, including those identified in this complaint.

87.     The actions described above demonstrate Gomaco's blatant and egregious disregard for G&Z's patent rights.  As such, Gomaco acted recklessly, willfully, wantonly, and deliberately engaged in acts of infringement of the '101 Patent, justifying an award to G&Z of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

88.     Gomaco's infringement of the '101 Patent has injured and continues to injure G&Z in an amount to be proven at trial, but not less than a reasonable royalty.

89.     Gomaco's infringement has caused and is continuing to cause damage and irreparable injury to G&Z, and G&Z will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.  G&Z is entitled to injunctive relief.

## COUNT III
### (Direct Infringement of the '571 Patent pursuant to 35 U.S.C. § 271(a))

90.     G&Z repeats, realleges, and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

91.     Gomaco has infringed and continues to infringe Claims 1-15 of the '571 Patent in violation of 35 U.S.C. § 271(a).

92.     Gomaco's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

93.     Gomaco's acts of making, using, selling, and offering for sale infringing products and services have been and are without the permission, consent, authorization, or license of G&Z.

94.     Gomaco's infringement includes, but is not limited to, the manufacture, use, sale, and/or offer for sale of Gomaco's products and services, including its GP3, GP4, GP-2400, Commander III (three and four track), 3300, Xtreme GT-3600, and Xtreme Commander IIIx products, and all products or services that incorporate Gomaco's Smart Leg Positioning and/or Smart Track / Extreme Steering and contain the components listed in the next paragraph (collectively, the "'571 Accused Products").

95.     The '571 Accused Products embody the patented invention of and infringe the '571 Patent because they are paving machines that contain: a forward bolster connected to a forward end of the center module and an aft bolster connected to an aft end of the center module; two crawler tracks attached to the forward bolster; a swing leg connected to the forward bolster with an upright jacking column secured to the swing leg with a upright-axial rotary connection to the crawler track; and a power drive between the jacking column and crawler track of the first swing leg to rotate the crawler track in response to changes in the angle of the swing leg.

96.     For example, the picture below shows that Gomaco's Xtreme Commander IIIx product contains a forward and aft bolster, two crawler tracks, and a swing leg (with upright jacking column, rotary connection, and crawler track) attached to the forward bolster:

Case 5:20-cv-04007-CJW-KEM   Document 1   Filed 02/26/20   Page 30 of 38



The Commander III features the sideshifting and vertical-lifting trimmerhead, mold drawbar and hold-down assembly.

Aft Bolster

Forward Bolster

Swing Leg Assembly

*See* Exhibit 12 at 11.

97.     As shown in paragraphs 26 through 62 above, the remaining '571 Accused Products contain substantially similar components and operate in substantially the same manner, such that they also infringe the '571 Patent.

98.     Gomaco has been long-aware of G&Z's patents, including the '571 Patent. Despite knowing that its products infringe the '571 Patent, on information and belief Gomaco made no effort to avoid infringement but instead incorporated infringing technology into additional products, including those identified in this complaint.

99.     The actions described above demonstrate Gomaco's blatant and egregious disregard for G&Z's patent rights.  As such, Gomaco acted recklessly, willfully, wantonly, and deliberately engaged in acts of infringement of the '571 Patent, justifying an award to G&Z of

31

increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

100.    Gomaco's infringement of the '571 Patent has injured and continues to injure G&Z in an amount to be proven at trial, but not less than a reasonable royalty.

101.    Gomaco's infringement has caused and is continuing to cause damage and irreparable injury to G&Z, and G&Z will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court. G&Z is entitled to injunctive relief.

## COUNT IV
### (Direct Infringement of the '020 Patent pursuant to 35 U.S.C. § 271(a))

102.    G&Z repeats, realleges, and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

103.    Gomaco has infringed and continues to infringe Claims 1-13 of the '020 Patent in violation of 35 U.S.C. § 271(a).

104.    Gomaco's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

105.    Gomaco's acts of making, using, selling, and offering for sale infringing products and services have been and are without the permission, consent, authorization, or license of G&Z.

106.    Gomaco's infringement includes, but is not limited to, the manufacture, use, sale, and/or offer for sale of Gomaco's products and services, including its GP3, GP4, GP-2400, and Commander III (four track) products, and all products or services that have at least four swing legs, jacking columns, and crawler tracks and incorporate Gomaco's Smart Leg Positioning and/or Smart Track / Extreme Steering (collectively, the "'020 Accused Products").

107. The '020 Accused Products embody the patented invention of and infringe the '020 Patent because they comprise a paving machine that has: at least two forward bolsters and two aft bolsters movably connected to the lateral sides of a center module; a crawler track and swing leg for each bolster; an upright jacking column secured to each swing leg with a upright-axial rotary connection to the crawler track; and a power drive between the associated jacking columns and crawler tracks to translate rotational movements between them.

108. For example, the pictures below show the center module, swing leg, jacking column, rotary connection, and crawler tracks for each bolster of Gomaco's GP4 product:



*See* Exhibit 10 at 3.

109. Gomaco's Smart Leg Positioning and Smart Track / Extreme Steering contain power drives between the jacking columns and crawler tracks to translate relative rotational movements between them:

**Smart Leg Positioning**
Pivot arms for the paver legs feature rotary-sensored slew drives. These Smart Pivots provide the G+ controls with information on the angle of rotation, which coupled with the track rotation sensors, maintain the tracks in the straight-ahead line for steering.

**Smart Track Steering**
Track steering and rotation is accomplished with rotary-sensored slew drives. This smart track rotation provides the G+ controls with exact track location and position. Extreme steering is now possible, with the tracks having the ability to steer farther than ever before.

Smart leg pivoting and smart track rotation now lets the G+ system automatically control the direction and speed of each individual track as it travels through a radius.

*See* Exhibit 10 at 3.

110.  As shown in paragraphs 26 through 62 above, the remaining '020 Accused Products contain substantially similar components and operate in substantially the same manner, such that they also infringe the '020 Patent.

111.  Gomaco has been long-aware of G&Z's patents, including the '020 Patent. Despite knowing that its products infringe the '020 Patent, on information and belief Gomaco made no effort to avoid infringement but instead incorporated infringing technology into additional products, including those identified in this complaint.

112.  The actions described above demonstrate Gomaco's blatant and egregious disregard for G&Z's patent rights.  As such, Gomaco acted recklessly, willfully, wantonly, and deliberately engaged in acts of infringement of the '020 Patent, justifying an award to G&Z of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

113.  Gomaco's infringement of the '020 Patent has injured and continues to injure G&Z in an amount to be proven at trial, but not less than a reasonable royalty.

114.  Gomaco's infringement has caused and is continuing to cause damage and irreparable injury to G&Z, and G&Z will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.  G&Z is entitled to injunctive relief.

34

<u>**COUNT V**</u>
**(Direct Infringement of the '167 Patent pursuant to 35 U.S.C. § 271(a))**

115.     G&Z repeats, realleges, and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

116.     Gomaco has infringed and continues to infringe Claims 1-20 of the '167 Patent in violation of 35 U.S.C. § 271(a).

117.     Gomaco's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

118.     Gomaco's acts of making, using, selling, and offering for sale infringing products and services have been and are without the permission, consent, authorization, or license of G&Z.

119.     Gomaco's infringement includes, but is not limited to, the manufacture, use, sale, and/or offer for sale of Gomaco's products and services, including its GP3, GP4, GP-2400, Commander III (four track), and 3300 products, and all other products or services that incorporate Gomaco's Smart Leg Positioning and/or Smart Track / Extreme Steering and contain the components listed in the next paragraph (collectively, the "'167 Accused Products").

120.     The '167 Accused Products embody the patented invention of and infringe the '167 Patent because they contain: a center module with at least one forward bolster, one aft bolster, and one side crawler track coupled to one of the lateral sides of the center module; a crawler track and swing leg for the forward bolster; a side swing leg connected to the same side of the center module as the side crawler track; an upright jacking column secured to each of the forward and side swing legs with a upright-axial rotary connection to the forward and side crawler tracks; and a power drive between the associated jacking columns and crawler tracks to translate rotational movements between them.

121.     For example, the picture below shows the forward bolster with crawler track and swing leg, side swing leg and upright jacking column, and lateral side of Gomaco's 3300 product:



*See* Exhibit 13 at 10.

122.     As shown in paragraphs 26 through 62 above, the remaining '167 Accused Products contain substantially similar components and operate in substantially the same manner, such that they also infringe the '167 Patent.

123.     Gomaco has been long-aware of G&Z's patents, including the '167 Patent. Despite knowing that its products infringe the '167 Patent, on information and belief Gomaco made no effort to avoid infringement but instead incorporated infringing technology into additional products, including those identified in this complaint.

124.     The actions described above demonstrate Gomaco's blatant and egregious disregard for G&Z's patent rights.  As such, Gomaco acted recklessly, willfully, wantonly, and deliberately engaged in acts of infringement of the '167 Patent, justifying an award to G&Z of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

125.     Gomaco's infringement of the '167 Patent has injured and continues to injure G&Z in an amount to be proven at trial, but not less than a reasonable royalty.

126.     Gomaco's infringement has caused and is continuing to cause damage and irreparable injury to G&Z, and G&Z will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.  G&Z is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, G&Z prays for judgment and relief as follows:

A.     An entry of judgment holding that Defendants have infringed and are infringing the '749, '101, '571, '020, and '167 Patents;

B.     A preliminary and permanent injunction against Defendants and their officers, employees, agents, servants, attorneys, instrumentalities, and those in privity with them, from infringing the '749, '101, '571, '020, and '167 Patents, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

C.     An award to G&Z of such past damages, not less than a reasonable royalty, as it shall prove at trial against Defendants that is adequate to fully compensate G&Z for Defendants' infringement of the '749, '101, '571, '020, and '167 Patents;

D.     A determination that Defendants' infringement has been willful, wanton, and deliberate and that the damages against it be increased up to treble on this basis or for any other basis in accordance with the law;

E.     A finding that this case is "exceptional" and an award to G&Z of its costs and reasonable attorneys' fees, as provided by 35 U.S.C. § 285;

F.     An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the '749, '101, '571, '020, and '167 Patents; and

G.     Such further and other relief as the Court may deem proper and just.

## DEMAND FOR JURY TRIAL

G&Z demands a jury trial on all issues so triable.


                                        LUNDBERG LAW FIRM, P.L.C.

OF COUNSEL:

                                        By:  /s/ Paul D. Lundberg
Paul J. Andre                                Paul D. Lundberg (#WO0003339)
Lisa Kobialka                                600 4th Street
James Hannah                                 Suite 906
Austin Manes                                 Sioux City, IA  51101
KRAMER LEVIN NAFTALIS                        (712) 234-3030
& FRANKEL LLP                                paul@lundberglawfirm.com
990 Marsh Road
Menlo Park, CA 94025                         *Attorneys for Plaintiff*
(650) 752-1700                               *G&Z, Inc.*


Dated: February 24, 2020