Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| GUNTERT & ZIMMERMAN CONST. DIV., INC., a California Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 5:20-cv-04007-CJW-KEM |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| GOMACO CORP., an Iowa Corporation, | ) ) ) | |
| Defendant. | ) ) | |

**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Guntert & Zimmerman Const. Div., Inc. ("G&Z") files this Complaint for Patent Infringement and Demand for Jury Trial against Defendant Gomaco Corp. ("Defendant" or "Gomaco") and alleges as follows:

**THE PARTIES**

1.       G&Z is a California Corporation with its principal place of business at 222 East Fourth Street in Ripon, California 95366.

2.       Gomaco is an Iowa Corporation with its principal place of business at 121 East Highway 175 in Ida Grove, IA  51445.  Gomaco may be served through its agent for service of process, Evelyn Lawhead, at 119-121 East Highway 175, P.O. Box 151, in Ida Grove, IA  51445.

**JURISDICTION AND VENUE**

3.       This action arises under the Patent Act, 35 U.S.C. § 101 *et seq*.  This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338.

4.       Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

1

5.      This Court has personal jurisdiction over Defendant because Defendant regularly and continuously does business in this District and has infringed and continues to do so, in this District.  Defendant is organized under the laws of the State of Iowa and has its principal place of business in Ida Grove, Iowa.  The Court also has personal jurisdiction over Defendant because Defendant has established minimum contacts with the forum and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

## G&Z'S INNOVATIONS

6.      Since its founding in 1942, G&Z has been known for its innovations and pioneering spirit to help make contractors as productive as possible.  G&Z pioneered and introduced the first concrete highway and airport slipform pavers mounted on crawler tracks with automatic line and grade control in 1956.  G&Z is constantly developing new technology and upgrading its existing product offerings, which include a full range of slipform pavers and support equipment such as placers, placer spreaders, mechanical dowel bar inserters, texture cure machines, and concrete plants.

7.      Today, G&Z offers a wide range of concrete slipform paver models along with other support equipment.  Shown below is G&Z's S400 Compact Slipform Paver with G&Z's patented SmartLegs and AccuSteer technology:

2



*See* Exhibit 6.

       8.      Shown below is G&Z's S600 Slipform Paver with G&Z's patented SmartLegs and AccuSteer technology:



*See* Exhibit 7.

9.      Shown below is G&Z's S850SL Slipform Paver with G&Z's patented SmartLegs

and AccuSteer technology:





*See* Exhibit 820.

10.     Shown below is a drawing from the application for G&Z's U.S. Patent No. 10,~~029,749~~053,167, showing certain aspects of its SmartLegs and AccuSteer technology:



**G&Z'S ASSERTED PATENTS**

~~11.     On July 18, 2017, the United States Patent and Trademark Office ("USPTO") issued to Ronald M. Guntert, Jr., Gerald Dahlinger, and Richard Wood Francis U.S. Patent No. 9,708,020 ("the '020 Patent"), titled ADJUSTABLE BOLSTER SWING LEGS FOR REORIENTING CRAWLERS FOR SLIPFORM PAVING MACHINES.  A true and correct copy of the '020 Patent is attached to this Complaint as Exhibit 1 and is incorporated by reference herein.~~

~~12.     All rights, title, and interest in the '020 Patent have been assigned to G&Z, who is the sole owner of the Patent.  G&Z has been the sole owner of the '020 Patent since its issuance.~~

5

13.     The '020 Patent is generally directed toward a concrete paving machine with at least four crawler tracks, all of which are connected to the center module of the paving machine though rotating jacking columns and swing legs that are able to navigate around obstacles in the paving path with minimal disruption to the direction, timing, or flow of paving.  The '020 Patent discloses and specifically claims inventive concepts that represent significant improvements over conventional paving machine technology that was available at the time of filing of the '020 Patent.

14.     On March 6, 2018, the USPTO issued to Ronald M. Guntert, Jr., Gerald Dahlinger, and Richard Wood Francis U.S. Patent No. 9,908,571 ("the '571 Patent"), titled ADJUSTABLE BOLSTER SWING LEGS FOR SLIPFORM PAVING MACHINES.  A true and correct copy of the '571 Patent is attached to this Complaint as Exhibit 2 and is incorporated by reference herein.

15.     All rights, title, and interest in the '571 Patent have been assigned to G&Z, who is the sole owner of the Patent.  G&Z has been the sole owner of the '571 Patent since its issuance.

16.     The '571 Patent is generally directed toward a paving machine for laying concrete in a molded form, with crawler tracks connected by swing legs to forward and aft bolsters of the paving machine, and those crawler tracks able to navigate around obstacles or within tight spaces automatically with minimal disruption to the direction, timing, or flow of paving.  The '571 Patent discloses and specifically claims inventive concepts that represent significant improvements over conventional paving machine technology that was available at the time of filing of the '571 Patent.

17.     On July 24, 2018, the USPTO issued to Ronald M. Guntert, Jr., Gerald Dahlinger, and Richard Wood Francis U.S. Patent No. 10,029,749 ("the '749 Patent"), titled

6

~~AUTOMATICALLY ADJUSTING SWING LEGS FOR MOUNTING AND ALIGNING AND~~

~~REORIENTING CRAWLERS. A true and correct copy of the '749 Patent is attached to this~~

~~Complaint as Exhibit 3 and is incorporated by reference herein.~~

~~18. All rights, title, and interest in the '749 Patent have been assigned to G&Z, who is~~

~~the sole owner of the Patent. G&Z has been the sole owner of the '749 Patent since its issuance.~~

~~19. The '749 Patent is generally directed toward a paving machine for spreading,~~

~~leveling, and finishing concrete with at least one swing leg for maneuvering and at least two~~

~~transducers for sending signals to maneuver the paving machine around obstacles with minimal~~

~~disruption to the direction, timing, or flow of paving. The '749 Patent discloses and specifically~~

~~claims inventive concepts that represent significant improvements over conventional paving~~

~~machine technology that was available at the time of filing of the '749 Patent.~~

~~20.~~11. On August 21, 2018, the USPTO issued to Ronald M. Guntert, Jr., Gerald

Dahlinger, Richard Wood Francis, and Randall Smith U.S. Patent No. 10,053,167 ("the '167

Patent"), titled ADJUSTABLE BOLSTER SWING LEGS FOR SLIPFORM PAVING

MACHINES. A true and correct copy of the '167 Patent is attached to this Complaint as Exhibit

4 and is incorporated by reference herein.

~~21.~~12. All rights, title, and interest in the '167 Patent have been assigned to G&Z, who is

the sole owner of the Patent. G&Z has been the sole owner of the '167 Patent since its issuance.

~~22.~~13. The '167 Patent is generally directed toward a concrete paver with at least three

legs, where a power drive can maneuver these legs around obstacles with minimal disruption to

the direction, timing, or flow of paving. The '167 Patent discloses and specifically claims

inventive concepts that represent significant improvements over conventional paving machine

technology that was available at the time of filing of the '167 Patent.

7

23.14.  On December 27, 2022, the USPTO issued to Ronald M. Guntert, Jr., Gerald Dahlinger, and Richard Wood Francis U.S. Patent No. February 5, 2019, the USPTO issued to Ronald M. Guntert, Jr., Gerald Dahlinger, and Richard Wood Francis U.S. Patent No. 10,196,10111,535,318 ("the '101318 Patent"), titled AUTOMATICALLY ADJUSTING SWING LEGS FOR MOUNTING AND ALIGNING AND REORIENTING CRAWLERS.  A true and correct copy of the '101318 Patent is attached to this Complaint as Exhibit 518 and is incorporated by reference herein.

24.15.  All rights, title, and interest in the '101318 Patent have been assigned to G&Z, who is the sole owner of the Patent.  G&Z has been the sole owner of the '101318 Patent since its issuance.

16.     The '318 Patent is generally directed toward a paving machine for spreading, leveling, and finishing concrete with at least one leg assembly for maneuvering and at least two sensors for sending signals to maneuver the paving machine around obstacles with minimal disruption to the direction, timing, or flow of paving.  The '318 Patent discloses and specifically claims inventive concepts that represent significant improvements over conventional paving machine technology that was available at the time of filing of the '318 Patent.

17.     On October 3, 2023, the USPTO issued to Ronald M. Guntert, Jr., Gerald Dahlinger, and Richard Wood Francis U.S. Patent No. 11,772,723 ("the '723 Patent"), titled AUTOMATICALLY ADJUSTING SWING LEGS FOR MOUNTING AND ALIGNING AND REORIENTING CRAWLERS.  A true and correct copy of the '723 Patent is attached to this Complaint as Exhibit 19 and is incorporated by reference herein.

18.     All rights, title, and interest in the '723 Patent have been assigned to G&Z, who is the sole owner of the Patent.  G&Z has been the sole owner of the '723 Patent since its issuance.

8

25.19.  The '101723 Patent is generally directed toward a paving machine for spreading, leveling, and finishing concrete with at least two swing leg assemblieslegs for maneuvering and at least two transducers for sending signals to maneuver the paving machine around obstacles with minimal disruption to the direction, timing, or flow of paving.  The '101723 Patent discloses and specifically claims inventive concepts that represent significant improvements over conventional paving machine technology that was available at the time of filing of the '101723 Patent.

20.     The '167, '318 and '723 Patents (collectively, the "Asserted Patents") are valid and enforceable.  The Asserted Patents disclose and specifically claim specific types of paving machines with particular mechanical components, such as particular jacking columns, slew drives, sensors, transducers, and actuators, which was not available on any paving machine before the filing date of the Asserted Patents.  In addition, the claims recite  inventive concepts that represent significant improvements over conventional paving machines, including particular jacking columns with slew drives and sensors, which markedly improve the maneuverability of these large, cumbersome and immensely heavy paving machines, as well as improve the transport of these machine.

21.     The Asserted Patents include specific components and concepts which are tangible and rooted in heavy construction equipment technology which provide the specific means of accomplishing the improvements in the functionality and capabilities of a paving machine, making the claimed inventions concrete and non-abstract.

22.     Principally, each jacking column is responsible for hydraulically raising and lowering the machine frame in relationship to its associated crawler track in contact with the ground.  If the machine frame is supported, each jacking column can be used to hydraulically

9

raise and lower its associated crawler track on and off the ground. A hydraulic motor drive rotary actuator (slew gear) is the power drive found between the crawler track and jacking column that allows for a wide, almost limitless, range of steering angles while in the working mode, in 90-degree steering mode or transport mode to make the machine highly maneuverable on site which was not available before the filing of the Asserted Patents. The angle between the crawler track and the jacking column can be sensed by a transducer/sensor. Furthermore, the jacking column can be attached in multiple locations around the machine frame via a unity of members where a lineal or angular transducer/sensor can measure the jacking column location in relationship to the machine frame. This design of the jacking column, as well as the slew drive, sensors, and actuators, as claimed in the Asserted Patents was not available on any paving machine before the filing date of the Asserted Patents. Using novel aspects of this design, specifically the particular jacking columns with slew drives, sensors, actuators, etc. -the Asserted Patents solved a problem that plagued the industry for decades, —namely, the time-consuming and expensive process required to manually maneuver jacking column with crawler track during concrete maneuvering on site and transportation of the paving machines. Thus, the claims of the Asserted Patents are patent eligible because they describe a tangible paving machine with specific mechanical components. The claims are also patent eligible because they describe the inventive concepts of the machines which was not conventional, routine, or well-known because the new design of the paving machines solved problems that had existed in the art for many years.

23. In addition, the legs claimed in the Asserted Patents are connected to a jacking column with crawler track that can move swiftly from the "Paving Orientation" to the "Transport Orientation" using 90-degree steering without the need to support each corner of the machine and individually lift, electronically and mechanically adjust, and repin the swing legs, lower the

crawler track to the ground, raise the machine, remove the support then bring the machine elevation back down to the paving thickness thereby eradicating costly time delays.

24.     The claimed inventions permit the crawler track positions to be relocated without any manual mechanical or electronic adjustments.  They also ensure that the paver can be narrowed enough when put in the "Transport Orientation" for transport over ordinary highways and through crowded construction sites while significantly reducing the time necessary to make the requires adjustments in order to put the machine in or out of this Transport Orientation.

25.     Specifically, the Asserted Patents describe various innovative aspects of a novel design that makes it quick and easy to rotate the paver's crawler tracks while under load and minimizing undesirable backlash detrimental to accurate steering with or without a swing leg.

26.     The Asserted Patents are not routine or conventional in the art because at the time of their filing, the conventional slipform pavers did not include slew drive between an upright jacking column and a crawler track.  Instead, they included the traditional hydraulic steering cylinder with torque arm.  These conventional slipform paver jacking columns had several drawbacks, including an inability to achieve a 90-degree steering without a cumbersome and time-consuming repinning process of the steering cylinder and had limited steering angles.  This also limited the swing leg angle as well.  If the swing leg was rotated too much, the steering cylinder would need to be repined as well.  Hydraulic steering cylinders with torque arms could not provide the range of motion necessary to achieve 90-degree steering of the crawler tracks and in order to move the machines an operator had to manually repositioning and repinning the hydraulic steering cylinder.  Additionally, reconfiguring a slipform paver between the paving orientation (mode) and the transport orientation (mode) was a time-consuming process as workers, just like relocating the swing leg with jacking column and crawler track, had to

11

manually manipulate each leg the paver between its paving and transport modes. This process would be repeated for each leg, thus requiring a significant output of time (up to a full shift) and labor. In addition, previous approach did not permit moving the paver from one site to another quickly and efficiently.

## **GOMACO'S PRODUCTS**

26.27. Gomaco makes, uses, sells, and/or offers for sale in the United States and this District products and services that perform slipform paving, including its GP3, GP4, GP-2400, Commander III (three and four track), 3300, Xtreme GT-3600, (including Xtreme GT-3600 Hybrid), and Xtreme Commander IIIx products (collectively, the "Accused Products").

27.28. Gomaco's "Slipform Paver" line includes its GP3, GP4, GP-2400, and Commander III (four track) products.

28.29. Gomaco's "Curb & Gutter" line also performs slipform paving, and includes its 3300, Xtreme GT-3600, (including Xtreme GT-3600 Hybrid), and Xtreme Commander IIIx products.

## GP3 Product

29.30. Gomaco's GP3 product is a slipform paver with four swing legs connected to four upright jacking columns (or upright legs), with a crawler track connected to the base of each upright leg by rotary-sensored slew drives on the crawler tracks allowing a wide range of steering angles from any swing leg position (pivot arms) and hydraulically actuated, rotary sensed, swings legs (pivot arms), as shown below:

12



- Each leg has 42 in. (1067 mm) hydraulic height adjustment and manual height adjustment up to 36 in. (914 mm) for a total height adjustment of 78 in. (1981 mm).

- Vibrator modules are positioned across the front of the platform for ease in operational visibility and accessibility.

- Revolutionary cooling package module incorporates variable speed fan(s) for noise reduction and added cooling capacity.

- Power unit designed for quiet and efficient operation.

- T-beam mounting rail incorporated into the telescoping frame.

- GOMACO roller frame with Smart Cylinders for dual-telescoping capabilities.

- Smart Telescoping for accurate frame widening and automatic width reference for steering setup.

- Smart Pivot Arms for the paver legs feature rotary-sensored slew drives.

- Extreme Steering capabilities with rotary-sensored slew drives, GOMACO selective steer, and G+ controls.

*See* Exhibit 9 at 9.

~~30.~~31.  The four crawler tracks and swing legs on Gomaco's GP3 Product can pivot and rotate to provide "straight ahead track positioning" through sensors found both on the rotary slew drives on the crawler tracks and pivoting swing legs, as shown below:

13



Sensored steer feedback with sensored leg pivots provide continuous reference for the straight-ahead track positioning.

*See* Exhibit 9 at 5.

32.     The four crawler tracks and swing legs on Gomaco's GP3 Product can also be rotated to transport position.

### Sensored Leg Pivots and Track Rotation

**Transverse Mode**

**Transport Mode**

9.2 ft. (2.8 m) Minimum Transport Width

29.9 ft. (9.11 m) Minimum Transport Length

Sensored steer feedback with sensored leg pivots provide continuous reference for the straight-ahead track positioning.

Full-steer tracks are turned perpendicular to the straight-ahead line. The G+ control system recognizes the track positioning and provides automatic steering control in the transverse mode.

Full-steer tracks and hydraulic rotational sensored pivot arms allow the legs to be rotated to the transport position. Track direction of travel and steering control is automatic with the G+ control system.

Exhibit 21 at 13.

<u>GP4 Product</u>

~~31.~~<u>33.</u>   Gomaco's GP4 product is a slipform paver with four swing legs connected to four upright jacking columns (or upright legs), with a crawler track connected to the base of each upright leg by rotary-sensored slew drives on the crawler tracks allowing a wide range of steering angles from any swing leg position and pivoting swing legs, as shown below:



The GP4 design utilizes rotary-sensored slew drives for radial swing on the pivot arms and also for the track rotation.

*See* Exhibit 10 at 3.

~~32.~~<u>34.</u>   The four crawler tracks and swing legs on Gomaco's GP4 Product can pivot and rotate to provide "straight ahead track positioning" through sensors on the rotary-sensored slew

15

drives on the crawler tracks allowing a wide range of steering angles from any swing leg (pivot leg) position and hydraulically actuated, rotary sensed swing legs (pivot arms), as shown below:



Sensored steer feedback with sensored leg pivots provide continuous reference for the straight-ahead track positioning.

*See* Exhibit 10 at 3.

35.     The four crawler tracks and swing legs on Gomaco's GP4 Product can also be rotated to transport position.



*See* Exhibit 22 at 13.

<u>GP-2400 Product</u>

~~33.~~36.  Gomaco's GP-2400 product is a slipform paver with four pivoting swing legs that are mechanically actuated, connected to four upright jacking columns (or upright legs), with a crawler track connected to the base of each upright leg that is steered with a smart cylinder within a limited range~~.~~:



*See* Exhibit 11 at 9.

~~34.~~37.  Gomaco offers the GP-2400 with Smart Leg Positioning and Smart / Extreme Steering, which allows the crawler tracks and swing legs pivot and rotate to provide "straight ahead track positioning" through sensors on the rotary-sensored slew drives on the crawler tracks

17

allowing a wide range of steering angles from any swing leg (pivot leg) position and hydraulically actuated, rotary sensed swing legs (pivot arms) as shown below:



Commander III (three and four track) Products

~~35.~~38.  Gomaco's Commander III (three track) product is a three-legged slipform paver with one swing leg, three upright jacking columns, a crawler track connected to the base of each upright jack, and "smart" steering cylinders that can pivot and rotate the swing leg and crawler tracks for dependable steering control, as shown below:

18



- Hydraulic power-swing leg for positioning left-front track.
- Hydraulic telescoping leg for positioning right-front track.
- Hydraulic power-slide leg for positioning rear track.
- Tool box.
- Exclusive "smart" steering cylinders, used for dependable steering control feedback for push-button steering setup, and setting parameters.

900151-xx1_1

*See* Exhibit 12 at 10.

~~36.~~39.  Gomaco's Commander III (four track) product is a slipform paver with four swing legs connected to four upright jacking columns (or upright legs), with a crawler track connected to the base of each upright leg that is steered with a smart cylinder within a limited range:



- GOMACO G+₁₀ control system in the pivoting console.
- Vibrator controls with sixteen hydraulic circuits and four vibrators.
- Operator's platform provides easy access and ultimate operator visibility. The platform also features a special skid-resistant surface on the walkway for safety and is vibration isolated for operator comfort.
- Pivoting legs that swing to the outboard position for easy loading and transport.
- Each leg is adjustable in four inch (102 mm) increments for 28 inches (711 mm) of manual adjustment with 42 inches (1067 mm) of hydraulic adjustment.
- Piston-style legs.
- GBox on every leg to accommodate improved steering and grade with G+ controls.
- Track circuits provide up to 37.1 feet per minute (11.3 mpm) operating speed and 98 feet per minute (29.9 mpm) for job-site mobility.
- Optional aluminum work bridge extends from 10 feet (3.05 m) to 18.9 feet (5.76 m) and folds up for transport.
- Exclusive "smart" steering cylinders, used for dependable steering control feedback for push-button steering setup, and setting parameters.
- A roller frame provides easy and accurate width changes. The Commander III's frame hydraulically telescopes on the left side up to six feet (1.83 m). The dual rollers, mounted to the top and bottom of the outer frame tubes, position the inner tube and reduce the amount of surface to surface contact area when telescoping. The roller frame was originally developed for the Commander III with a V2 mold. The V2 is GOMACO's dual mold system that is hydraulically adjustable for paving at different widths. The roller frame provides a fluid action as the V2 mold is making on-the-go width changes for tapered slabs. This roller frame is now standard on all GOMACO Commander III four-track machines. It can also be retrofitted in the field on existing Commander IIIs.
- Pressure-compensated, sideplates.
- 3100 series open-front mold, vibrators and a 14 inch (356 mm) diameter auger and adjustable stainless to provide the superior GOMACO finish.

*See* Exhibit 12 at 16.

~~37.~~40.  Gomaco offers the Commander III (four track) Product with Smart Leg Positioning and Smart / Extreme Steering, which allows the crawler tracks and swing legs to pivot and rotate to provide "straight ahead track positioning" through sensors on the rotary-sensored slew drives on the crawler tracks, allowing a wide range of steering angles from any swing leg (pivot leg) position and hydraulically actuated, rotary sensed swing legs (pivot arms) as shown below:



3300 Product

~~38.~~41.   Gomaco's 3300 product is a three-legged slipform paver with two sensed swing legs, and one sensed power slide mount with three upright jacking columns (or upright legs), and a crawler track connected to the base of each upright, non-rotating leg by a rotary-sensored slew drive located between the crawler track and the leg male steadment, as shown below:



*See* Exhibit 13 at 10.

39.42.  The crawler tracks and swing legs on Gomaco's 3300 Product can pivot and rotate to provide "straight ahead track positioning" through sensors on the rotary slew drives on the crawler tracks and smart cylinders (with lineal transducers) sensing on each of the pivot legs. The rear crawler track is mounted to a power slide arrangement with a smart cylinder (with lineal transducer) to reposition the leg with crawler track laterally.  Steering, including 90 degree steering, can be done through a sensor on the rotary slew drive on the rear crawler track as shown below:



Power-Slide
Rear Leg

*See* Exhibit 13 at 4.

43.      The two "front" legs of the Gomaco's 3300 Product are mounted on parallelogram-style pivot arms allowing for adjustments out from the right side and left side of the machine.  The location of the two "front" legs is sensed due to the use of Smart Cylinders

22

with lineal transducers of each parallelogram-style pivot arm. The location of crawler tracks and swing legs can change in accordance with different paving applications of the Gomaco's 3300 Product. For example, the crawler tracks may be mounted off "front" of the tractor center module or off "side" of the tractor center module:



Ex. 13 at 6-7. Gomaco's 3300 Product's crawler tracks repositioned to be mounted off "**front**" of tractor center module.



Ex. 13 at 7, 12. Gomaco's 3300 Product's crawler tracks repositioned to be mounted off "**side**" of tractor center module.

<u>Xtreme GT-3600 Product</u>

~~40.~~<u>44.</u>  Gomaco's Xtreme GT-3600 product is a three-legged slipform paver with three upright jacking columns (or upright legs), and a crawler track connected to the base of each upright leg by a rotary-sensored slew drive, as shown below:



The Xtreme GT-3600's tracks can rotate farther than ever before. The rotary-sensored slew drives allow the tracks to rotate 90 degrees and more for quick side travel and to slipform a tight radius.

*See* Exhibit 14 at 4.

<u>Xtreme GT-3600 Hybrid Product</u>

<u>45.</u>  <u>Gomaco's Xtreme GT-3600 Hybrid product is a three-legged slipform paver with three upright, non-rotating jacking columns (or upright legs), and a crawler track connected to the base of each upright leg by a rotary-sensored slew drive, as shown below:</u>

24



On-board water system designed with safety in mind. The 100 gallon (378.5 L) water tank is bottom filling and does not require a ladder to fill.

Telescoping operator's platform provides easy access and ultimate operator visibility.

Smart power-swing front leg.

Rotary-sensored slew drive.

Sideshifting trimmerhead with 48 inches (1219 mm) of hydraulic sideshift, 16 inches (406 mm) of hydraulic vertical adjustment.

Vertical-lifting mold and smart sideshifting mold.

GOMACO's Hook-and-Go system.

Smart telescoping right leg.

Four lithium-ion batteries provide supplemental power during the paving operation when needed. The GT-3600's battery box can accommodate up to six batteries.

The operator's platform has two access points. The ladder folds out of the way for transport or operation.

Tool box.

Smart power-slide rear leg.

Exclusive independent adjustable stainless steel troweling section seals and provides a superior GOMACO finish.

Larger rear operator's platform houses the lithium-ion batteries.

Each leg has 36 inches (914 mm) of hydraulic leg height adjustment and an additional manual adjustment of eight inches (203 mm).

Three hydraulically powered, gear-driven crawler tracks, six feet (1.83 m) long.

*See* Exhibit 23 at 2.

Xtreme Commander IIIx Product

41.46.  Gomaco's Xtreme Commander IIIx product is a three-legged slipform paver with one swing leg (with lineal transducer), one telescoping leg (with lineal transducer), and one power slide leg (with lineal transducer) each with upright jacking columns (or upright legs), and a crawler track connected to the base of each upright leg by a rotary-sensor slew drive, as shown below:

25



The Commander III features the sideshifting and vertical-lifting trimmerhead, mold drawbar and hold-down assembly.

*See* Exhibit 12 at 11.

42.47.   The crawler tracks and swing leg on Gomaco's Xtreme Commander IIIx Product can pivot and rotate to allow the crawler track to be repositioned while staying straight ahead through a smart cylinder (with lineal transducer) on the swing leg and sensors on the rotary slew drive.  The telescoping leg and power slide leg are repositioned using smart cylinders, as shown below:

• Achieve Xtreme Steering with the rotary-sensored slew drives, on each of the three tracks for extreme steering.

- The extreme steering capabilities, combined with the Commander IIIx's sensored All-Track Steering (ATS) and sensored All-Track Positioning (ATP), make it the ultimate, intelligent slipform paver.

- The intelligent ATP on the Commander IIIx includes a smart hydraulic cylinder on all three legs. The smart cylinders allow G++ to know the position of all three tracks and can make steering adjustments as needed.

*See* Exhibit 12 at 2.

26

**DEFENDANT'S WILLFUL INFRINGEMENT OF G&Z'S PATENTS**

43.48.  Gomaco has been, is, and continues to infringe the '749, '101, '571, '020, and '167 Patents (collectively, the "Asserted Patents") in this Judicial District and elsewhere in the United States by, among other things, making, using, selling, and offering for sale their products and services that utilize the Accused Products.

44.49.  Gomaco is well aware of G&Z's patents, including the Asserted Patents, and has continued its infringing activity despite this knowledge for years.  G&Z filed the parent application to the Asserted Patents in or around 2010, and began to market the inventions disclosed therein as "SmartLeg" technology.  After incorporating this groundbreaking "SmartLeg" technology into its own products, G&Z gained market share in or around 2011 and lured customers away from Gomaco, including some of Gomaco's key accounts, on account of the "SmartLeg" technology in G&Z's products.

45.50.  In or around 2015, Gomaco introduced its GP3 product containing G&Z's patented "Smart Leg" technology.

46.51.  Gomaco advertised its GP3 product as having "Smart Leg Positioning" technology in or around 2016.

47.52.  Later, Gomaco scaled back its use of the term "Smart Leg" to describe its infringing products.  *See* Exhibit 15.

48.53.  Gomaco's initial use of the "SmartLeg" terminology shows that it was aware of G&Z's inventions and the Asserted Patents.

49.54.  In or around late 2015 or early 2016, Gomaco significantly undercut the market in an effort to penetrate the market with their new GP3 and to win back customers that it had lost to G&Z, forcing G&Z to lower its own prices for products containing its patented "SmartLeg"

27

technology.  G&Z lost significant margin and sales as a result of Gomaco's introduction of products that infringed G&Z's patents at below market rates.

~~50.~~55.  Gomaco's knowledge of the Asserted Patents is also shown by prior statements it made to the U.S. Patent and Trademark Office.  Gomaco cited the ~~Asserted Patents~~Parent Patent and ~~their~~other related patents ~~to~~ when it attempted to prosecute its own patents copying G&Z's patented technology between 2014 and 2017.

~~51.~~56.  Gomaco cited three of G&Z's patents or patent applications during prosecution of Gomaco's U.S. Patent No. 9,541,195, including: G&Z's U.S. Patent No. 9,359,727 ("the '727 Patent ~~asserted here;~~"); U.S. Patent Pub. 2016/0251042, which ~~relates~~refers to G&Z's U.S. Patent No. 9,708,020 ("the '020 Patent ~~asserted here;~~"); and U.S. Patent Pub. 2011/0236129, which ~~relates~~refers to G&Z's Patent No. 8,459,898 ("the '898 Patent").  The '020 Patent is a continuation of the '727 Patent, which is a continuation of the '898 Patent  and these three patents are the parent ~~patent~~patents for all Asserted Patents in this case.

~~52.~~57.  During prosecution of its U.S. Patent No. 10,005,489, Gomaco cited the '727 Patent ~~asserted here~~, U.S. Patent Pub. 2016/0251042, which refers to G&Z's '020 Patent, and U.S. Patent Pub. 2011/0236129, which refers to the '898 Patent, i.e., the parent patent for all Asserted Patents in this case.

~~53.~~58.  During prosecution of Gomaco's U.S. Patent No. 9,464,716, it cited U.S. Patent Pub. 2011/0236129, which ~~relates to~~refers to the '898 Patent, i.e., the parent patent for all Asserted Patents in this case.

~~54.~~59.  Thus, there can be no doubt Gomaco was, and is, aware of its own infringement of the Asserted Patents.  Gomaco continues to infringe despite this knowledge.

28

55.60.  Finally, Gomaco and G&Z complete closely in a market that has relatively few competitors.  Gomaco's press releases show that it is a direct competitor with G&Z.  *See* Exhibit 16.

56.61.  The products at issue are large, expensive paving machines sold globally for massive projects that include paving government-owned highways and airports.

57.62.  Companies in this market regularly attend the same trade shows and develop long-term relationships with the same customers.

58.63.  Gomaco has been familiar with G&Z, its products, and its marketing literature, for decades due to the close space the two companies occupy in the market.

59.64.  Gomaco is also aware of G&Z's patents through G&Z's product line.

60.65.  G&Z has continuously marked its products and marketing literature with the numbers of its current patents, including the Asserted Patents., in compliance with 35 U.S.C. §287.

61.66.  G&Z's website lists all active patents and the products they cover, including the Asserted Patents.  *See* ExhibitExhibits 17 & 24.  G&Z's serial number plates on its products, and accompanying marketing literature, carry the same web link to its Asserted Patents.

62.67.  As shown above, Gomaco knew it infringed the Asserted Patents'167 Patent well before G&Z filed this action, and Gomaco acted egregiously and willfully in that it continued to infringe G&Z's patents and, on information and belief, took no action to avoid infringement.  Instead, Gomaco continued to develop additional technologies and products that infringe the Asserted Patents, including the products accused in this action.  As such, Gomaco has continued to willfully, wantonly, and deliberately engage in acts of infringement of the Asserted Patents.

**COUNT I**

~~(Direct Infringement of the '749 Patent pursuant to 35 U.S.C. § 271(a))~~

~~63.     G&Z repeats, realleges, and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.~~

~~64.     Gomaco has infringed and continues to infringe Claims 1-20 of the '749 Patent in violation of 35 U.S.C. § 271(a).~~

~~65.1.   Gomaco's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.~~

~~66.1.   Gomaco's acts of making, using, selling, and offering for sale infringing products and services have been and are without the permission, consent, authorization, or license of G&Z.~~

~~67.     Gomaco's infringement includes, but is not limited to, the manufacture, use, sale, and/or offer for sale of Gomaco's products and services, including its GP3, GP4, GP-2400, Commander III (three and four track), 3300, Xtreme GT-3600, and Xtreme Commander IIIx products, and all products or services that incorporate Gomaco's Smart Leg Positioning and/or Smart Track / Extreme Steering and contain the components listed in the next paragraph (collectively, the "'749 Accused Products").~~

~~68.     The '749 Accused Products embody the patented invention of and infringe the '749 Patent because they contain: a swing leg assembly coupled with a module frame; a crawler track; an upright jacking column secured to the swing leg with a upright axial rotary connection to the crawler track; transducers that indicate the relative angles of the crawler track, jacking column, and swing leg; a power drive between the jacking column and crawler track; and a processor able to receive signals from the transducers and rotate the crawler track in response to changes in the angle of the swing leg.~~

30

69.    For example, the picture below shows the swing leg, jacking column, rotary connection, and crawler track of Gomaco's GP4 product:



*See* Exhibit 10 at 3.

Formatted: Indent: Left:  0.56", Hanging: 0.25"

70.    Gomaco's Smart Leg Positioning and Smart Track / Extreme Steering contain the transducers and power drive that communicate with the processor, as shown below:

**Smart Leg Positioning**
Pivot arms for the paver legs feature rotary-sensored slew drives. These Smart Pivots provide the G+ controls with information on the angle of rotation, which coupled with the track rotation sensors, maintain the tracks in the straight-ahead line for steering.

**Smart Track Steering**
Track steering and rotation is accomplished with rotary-sensored slew drives. This smart track rotation provides the G+ controls with exact track location and position. Extreme steering is now possible, with the tracks having the ability to steer farther than ever before.

Smart leg pivoting and smart track rotation now lets the G+ system automatically control the direction and speed of each individual track as it travels through a radius.

*See* Exhibit 10 at 3.

71.    As shown in paragraphs 26 through 62 above, the remaining '749 Accused Products contain substantially similar components and operate in substantially the same manner, such that they also infringe the '749 Patent.

72.    Gomaco has been long aware of G&Z's patents, including the '749 Patent. Despite knowing that its products infringe the '749 Patent, on information and belief Gomaco

31

made no effort to avoid infringement but instead incorporated infringing technology into additional products, including those identified in this complaint.

73.     The actions described above demonstrate Gomaco's blatant and egregious disregard for G&Z's patent rights. As such, Gomaco acted recklessly, willfully, wantonly, and deliberately engaged in acts of infringement of the '749 Patent, justifying an award to G&Z of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

74.     Gomaco's infringement of the '749 Patent has injured and continues to injure G&Z in an amount to be proven at trial, but not less than a reasonable royalty.

75.     Gomaco's infringement has caused and is continuing to cause damage and irreparable injury to G&Z, and G&Z will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court. G&Z is entitled to injunctive relief.

## COUNT II
### (Direct Infringement of the '101 Patent pursuant to 35 U.S.C. § 271(a))

76.     G&Z repeats, realleges, and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

77.     Gomaco has infringed and continues to infringe Claims 1-19 of the '101 Patent in violation of 35 U.S.C. § 271(a).

78.     Gomaco's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

79.     Gomaco's acts of making, using, selling, and offering for sale infringing products and services have been and are without the permission, consent, authorization, or license of G&Z.

32

80.    Gomaco's infringement includes, but is not limited to, the manufacture, use, sale, and/or offer for sale of Gomaco's products and services, including its GP3, GP4, GP 2400, Commander III (four track), and 3300 products, and all other products or services that have two or more swing leg assemblies and incorporate Gomaco's Smart Leg Positioning and/or Smart Track / Extreme Steering (collectively, the "'101 Accused Products").

81.    The '101 Accused Products embody the patented invention of and infringe the '101 Patent because they contain two or more swing leg assemblies and each comprises: a swing leg; a crawler track; an upright jacking column with a upright-axial rotary connection to the crawler track; transducers that indicate the relative angles of the crawler track, jacking column, and swing leg; and a power drive between the jacking column and crawler track, as well as a processor able to receive signals from the transducers and rotate the crawler track in response to changes in the angle of the swing leg.

82.    For example, the picture below shows the swing leg, jacking column, rotary connection, and crawler track of Gomaco's GP4 product:



See Exhibit 10 at 3.

33

83.    The picture below shows that Gomaco's GP4 product contains two or more swing leg assemblies:



*Swing Leg Assemblies*

See Exhibit 10 at 3.

84.    Gomaco's Smart Leg Positioning and Smart Track / Extreme Steering contain the transducers and power drive that communicate with the processor, as shown below:

**Smart Leg Positioning**
Pivot arms for the paver legs feature rotary-sensored slew drives. These Smart Pivots provide the G+ controls with information on the angle of rotation, which coupled with the track rotation sensors, maintain the tracks in the straight-ahead line for steering.

**Smart Track Steering**
Track steering and rotation is accomplished with rotary-sensored slew drives. This smart track rotation provides the G+ controls with exact track location and position. Extreme steering is now possible, with the tracks having the ability to steer farther than ever before.

Smart leg pivoting and smart track rotation now lets the G+ system automatically control the direction and speed of each individual track as it travels through a radius.

See Exhibit 10 at 3.

34

85.    As shown in paragraphs 26 through 62 above, the remaining '101 Accused Products contain substantially similar components and operate in substantially the same manner, such that they also infringe the '101 Patent.

86.    Gomaco has been long aware of G&Z's patents, including the '101 Patent. Despite knowing that its products infringe the '101 Patent, on information and belief Gomaco made no effort to avoid infringement but instead incorporated infringing technology into additional products, including those identified in this complaint.

87.    The actions described above demonstrate Gomaco's blatant and egregious disregard for G&Z's patent rights. As such, Gomaco acted recklessly, willfully, wantonly, and deliberately engaged in acts of infringement of the '101 Patent, justifying an award to G&Z of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

88.1.    Gomaco's infringement of the '101 Patent has injured and continues to injure G&Z in an amount to be proven at trial, but not less than a reasonable royalty.

89.1.    Gomaco's infringement has caused and is continuing to cause damage and irreparable injury to G&Z, and G&Z will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court. G&Z is entitled to injunctive relief.

### COUNT III
#### (Direct Infringement of the '571 Patent pursuant to 35 U.S.C. § 271(a))

90.1.    G&Z repeats, realleges, and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

91.    Gomaco has infringed and continues to infringe Claims 1-15 of the '571 Patent in violation of 35 U.S.C. § 271(a).

35

92.1.    Gomaco's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

93.1.    Gomaco's acts of making, using, selling, and offering for sale infringing products and services have been and are without the permission, consent, authorization, or license of G&Z.

94.    Gomaco's infringement includes, but is not limited to, the manufacture, use, sale, and/or offer for sale of Gomaco's products and services, including its GP3, GP4, GP 2400, Commander III (three and four track), 3300, Xtreme GT-3600, and Xtreme Commander IIIx products, and all products or services that incorporate Gomaco's Smart Leg Positioning and/or Smart Track / Extreme Steering and contain the components listed in the next paragraph (collectively, the "'571 Accused Products").

95.    The '571 Accused Products embody the patented invention of and infringe the '571 Patent because they are paving machines that contain: a forward bolster connected to a forward end of the center module and an aft bolster connected to an aft end of the center module; two crawler tracks attached to the forward bolster; a swing leg connected to the forward bolster with an upright jacking column secured to the swing leg with a upright axial rotary connection to the crawler track; and a power drive between the jacking column and crawler track of the first swing leg to rotate the crawler track in response to changes in the angle of the swing leg.

96.    For example, the picture below shows that Gomaco's Xtreme Commander IIIx product contains a forward and aft bolster, two crawler tracks, and a swing leg (with upright jacking column, rotary connection, and crawler track) attached to the forward bolster:

36



The Commander III features the sideshifting and vertical-lifting trimmerhead, mold drawbar and hold-down assembly.

*See* Exhibit 12 at 11.

97. As shown in paragraphs 26 through 62 above, the remaining '571 Accused Products contain substantially similar components and operate in substantially the same manner, such that they also infringe the '571 Patent.

98. Gomaco has been long-aware of G&Z's patents, including the '571 Patent. Despite knowing that its products infringe the '571 Patent, on information and belief Gomaco made no effort to avoid infringement but instead incorporated infringing technology into additional products, including those identified in this complaint.

99. The actions described above demonstrate Gomaco's blatant and egregious disregard for G&Z's patent rights. As such, Gomaco acted recklessly, willfully, wantonly, and deliberately engaged in acts of infringement of the '571 Patent, justifying an award to G&Z of

37

increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

100.    Gomaco's infringement of the '571 Patent has injured and continues to injure G&Z in an amount to be proven at trial, but not less than a reasonable royalty.

101.    Gomaco's infringement has caused and is continuing to cause damage and irreparable injury to G&Z, and G&Z will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.  G&Z is entitled to injunctive relief.

**COUNT IV**
**(Direct Infringement of the '020 Patent pursuant to 35 U.S.C. § 271(a))**

102.1.  G&Z repeats, realleges, and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

103.    Gomaco has infringed and continues to infringe Claims 1-13 of the '020 Patent in violation of 35 U.S.C. § 271(a).

104.    Gomaco's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

105.    Gomaco's acts of making, using, selling, and offering for sale infringing products and services have been and are without the permission, consent, authorization, or license of G&Z.

106.    Gomaco's infringement includes, but is not limited to, the manufacture, use, sale, and/or offer for sale of Gomaco's products and services, including its GP3, GP4, GP-2400, and Commander III (four track) products, and all products or services that have at least four swing legs, jacking columns, and crawler tracks and incorporate Gomaco's Smart Leg Positioning and/or Smart Track / Extreme Steering (collectively, the "'020 Accused Products").

38

107.    The '020 Accused Products embody the patented invention of and infringe the '020 Patent because they comprise a paving machine that has: at least two forward bolsters and two aft bolsters movably connected to the lateral sides of a center module; a crawler track and swing leg for each bolster; an upright jacking column secured to each swing leg with a upright axial rotary connection to the crawler track; and a power drive between the associated jacking columns and crawler tracks to translate rotational movements between them.

108.    For example, the pictures below show the center module, swing leg, jacking column, rotary connection, and crawler tracks for each bolster of Gomaco's GP4 product:



*See* Exhibit 10 at 3.

109.    Gomaco's Smart Leg Positioning and Smart Track / Extreme Steering contain power drives between the jacking columns and crawler tracks to translate relative rotational movements between them:

39

**Smart Leg Positioning**
Pivot arms for the paver legs feature rotary-sensored slew drives. These Smart Pivots provide the G+ controls with information on the angle of rotation, which coupled with the track rotation sensors, maintain the tracks in the straight-ahead line for steering.

**Smart Track Steering**
Track steering and rotation is accomplished with rotary-sensored slew drives. This smart track rotation provides the G+ controls with exact track location and position. Extreme steering is now possible, with the tracks having the ability to steer farther than ever before.

Smart leg pivoting and smart track rotation now lets the G+ system automatically control the direction and speed of each individual track as it travels through a radius.



*See* Exhibit 10 at 3.

110.    As shown in paragraphs 26 through 62 above, the remaining '020 Accused Products contain substantially similar components and operate in substantially the same manner, such that they also infringe the '020 Patent.

111.1.  Gomaco has been long aware of G&Z's patents, including the '020 Patent. Despite knowing that its products infringe the '020 Patent, on information and belief Gomaco made no effort to avoid infringement but instead incorporated infringing technology into additional products, including those identified in this complaint.

112.    The actions described above demonstrate Gomaco's blatant and egregious disregard for G&Z's patent rights.  As such, Gomaco acted recklessly, willfully, wantonly, and deliberately engaged in acts of infringement of the '020 Patent, justifying an award to G&Z of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

113.1.  Gomaco's infringement of the '020 Patent has injured and continues to injure G&Z in an amount to be proven at trial, but not less than a reasonable royalty.

114.1.  Gomaco's infringement has caused and is continuing to cause damage and irreparable injury to G&Z, and G&Z will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.  G&Z is entitled to injunctive relief.

40

**(Direct Infringement of the '167 Patent pursuant to 35 U.S.C. § 271(a))**

~~115.~~68.     G&Z repeats, realleges, and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

~~116.~~69.     Gomaco has infringed and continues to infringe Claims 1-20 of the '167 Patent in violation of 35 U.S.C. § 271(a).

~~117.~~70.     Gomaco's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

~~118.~~71.     Gomaco's acts of making, using, selling, and offering for sale infringing products and services have been and are without the permission, consent, authorization, or license of G&Z.

~~119.~~72.     Gomaco's infringement includes, but is not limited to, the manufacture, use, sale, and/or offer for sale of Gomaco's products and services, including its GP3, GP4, GP-2400, Commander III (four track), and 3300 products, and all other products or services that incorporate Gomaco's Smart Leg Positioning and/or Smart Track / Extreme Steering and contain the components listed in the next paragraph (collectively, the "'167 Accused Products").

~~120.~~73.     The '167 Accused Products embody the patented invention of and infringe the '167 Patent because they contain: a center module with at least one forward bolster, one aft bolster, and one side crawler track coupled to one of the lateral sides of the center module; a crawler track and swing leg for the forward bolster; a side swing leg connected to the same side of the center module as the side crawler track; an upright jacking column secured to each of the forward and side swing legs with a upright-axial rotary connection to the forward and side crawler tracks; and a power drive between the associated jacking columns and crawler tracks to translate rotational movements between them.

41

121.74.     For example, the picture below shows the forward bolster with crawler track and swing leg, side swing leg and upright jacking column, and lateral side of Gomaco's 3300 product:



*See* Exhibit 13 at 10.

75.     As shown below (annotated in blue circle) the Gomaco's 3300 Product includes a side swing leg connected to the lateral side of the center module and a side crawler track mechanically coupled to the lateral side of the center module.  Gomaco's 3300 Product includes a side swing leg because the leg swings to the side of the paving machine.  The side swing leg is connected to the lateral side of the center module of the paving machine when swings to the side.



Power-Slide
Rear Leg

Ex. 13 at 4.

76.     The GOMACO G+ control system allows the turning of Gomaco's 3300's tracks "90-degrees into the transverse position and transverse paving configuration. In this configuration, the 3300 is capable of paving entrance/exit ramps, sidewalk/walking trails, dolly pads, polymer overlays, and more. Then, when flat paving applications are complete, the contractor can drop the paving mold, press the button on the G+ digital control screen to put the 3300 into curb and gutter mode, and it becomes a fully functional curb and gutter machine capable of slipforming a large variety of applications including tight radii. Its versatility is endless." Exhibit 25.

77.     The two legs of the Gomaco's 3300 Product are mounted on parallelogram-style pivot arms (swing legs) allowing for adjustments out from the right side and left side of the machine.  The location of swing legs and crawler tracks can change in accordance with different paving direction, application and mode of the Gomaco's 3300 Product.  For example, one of the swing legs and crawler tracks is connected to the front (or forward end) of the center module of

43

the paving machine while the other swing leg and crawler track is connected to the lateral side of the center module of the paving machine:



Ex. 13 at 6-7. Gomaco's 3300 Product's front movable jacking column mechanism with repositioned crawler tracks mounted off "**front**" of tractor center module.



Ex. 13 at 7, 12. Gomaco's 3300 Product's jacking column mechanisms with repositioned crawler tracks in the tranverse position mounted off "**side**" of tractor center module.

78. As another example, Gomaco's GP3 product is equipped with crawler tracks with rotary sensed slew drives for rotation and steering on the pivot arms (swing legs) of each of the paver's four legs  The smart pivots on the legs provide the G+ control system with information on the angle of rotation and work together with the track rotation sensors to maintain the tracks

44

in the straight-ahead line for steering.  Rotary-sensored slew drives are also located on each of the slipform paver's four tracks for the ultimate in smart steering technology and extreme steering.  Exhibit 9, at 2; Exhibit 21 at 2.

**Smart Leg Positioning on Four-Track Pavers**
Pivot arms for the paver legs feature rotary-sensored slew drives. These smart pivots provide the G+ controls with information on the pivot arm angle, which coupled with the track rotation sensors, maintain the tracks in the straight-ahead line for steering, even when the leg pivot is at an angle.

**Smart Track Steering on Four-Track Pavers**
Track steering and rotation is accomplished with rotary-sensored slew drives. This smart track rotation provides the G+ controls with exact track location and position. Extreme steering is now possible with the tracks having the ability to steer farther than ever before.

Smart leg pivoting and smart track rotation now lets the G+ system automatically control the direction and speed of each individual track as it travels through a radius.



Exhibit 21 at 3.

79.    GP3 has an infinite number of bolster positions, and crawler track orientations, possible with Sensored Leg Pivots and jacking columns with extreme steering capabilities made possible with rotary-sensored slew drives on each crawler track.  The location of crawler tracks and swing legs can change in accordance with different paving direction, application and mode of the Gomaco's GP3 product.  The picture below (annotated in green circles) shows that Gomaco's GP3 Four Track includes a side swing leg connected to the lateral side of the center module and a side crawler track mechanically coupled to  the lateral sides of the center module.

### Sensored Leg Pivots and Track Rotation



Sensored steer feedback with sensored leg pivots provide continuous reference for the straight-ahead track positioning.

Full-steer tracks are turned perpendicular to the straight-ahead line. The G+ control system recognizes the track positioning and provides automatic steering control in the transverse mode.

Full-steer tracks and hydraulic rotational sensored pivot arms allow the legs to be rotated to the transport position. Track direction of travel and steering control is automatic with the G+ control system.

Exhibit 21 at 13.

45

122.80.     As shown in paragraphs 2627 through 6267 above, the remaining '167 Accused Products contain substantially similar components and operate in substantially the same manner, such that they also infringe the '167 Patent.

123.81.     Gomaco has been long-aware of G&Z's patents, including the '167 Patent. Despite knowing that its products infringe the '167 Patent, on information and belief Gomaco made no effort to avoid infringement but instead incorporated infringing technology into additional products, including those identified in this complaint.

124.82.     The actions described above demonstrate Gomaco's blatant and egregious disregard for G&Z's patent rights.  As such, Gomaco acted recklessly, willfully, wantonly, and deliberately engaged in acts of infringement of the '167 Patent, justifying an award to G&Z of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

125.83.     Gomaco's infringement of the '167 Patent has injured and continues to injure G&Z in an amount to be proven at trial, but not less than a reasonable royalty.

126.84.     Gomaco's infringement has caused and is continuing to cause damage and irreparable injury to G&Z, and G&Z will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.  G&Z is entitled to injunctive relief.

## COUNT II
### (Direct Infringement of the '318 Patent pursuant to 35 U.S.C. § 271(a))

85.     G&Z repeats, realleges, and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

86.     Gomaco has infringed and continues to infringe Claims 1-8 of the '318 Patent in violation of 35 U.S.C. § 271(a).

46

87. Gomaco's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

88. Gomaco's acts of making, using, selling, and offering for sale infringing products and services have been and are without the permission, consent, authorization, or license of G&Z.

89. Gomaco's infringement includes, but is not limited to, the manufacture, use, sale, and/or offer for sale of Gomaco's products and services, including its GP3, GP4, GP-2400, Commander III (three and four track), 3300, Xtreme GT-3600; Xtreme GT-3600 Hybrid; and Xtreme Commander IIIx products, and all products or services that incorporate Gomaco's Smart Leg Positioning and/or Smart Track / Extreme Steering and contain the components listed in the next paragraph (collectively, the "'318 Accused Products").

90. The '318 Accused Products embody the patented invention and infringe the '318 Patent because they are paving machines that are coupled to a swing leg assembly, the swing leg assembly comprising: a swing leg configured to be coupled to the paving machine, and configured to pivot about a first axis to a first angular orientation relative to the paving machine; a jacking column coupled to the swing leg; a crawler track rotatably coupled to the jacking column and configured to rotate about a second axis to a second angular orientation relative to the jacking column; a slew drive coupled to the jacking column and the crawler track, configured to cause rotation of the crawler track relative to the jacking column; two sensors configured to emit signals corresponding to the first and second angular orientations; and a processor able to receive signals from the sensors, determine the change in the angle of the swing leg, determine a target angle between the crawler track and the jacking column based on the change in the angle

47

of the swing leg and the relative angle between the crawler track and the jacking column; and send a control signal to the slew drive to rotate the crawler track to the target angle.

91.    For example, the picture below shows that Gomaco's GP3 product's swing leg (i.e., "Smart Leg") is configured to pivot about a first axis to a first angular orientation relative to the paving machine:



*See* Exhibit 21 at 13.

92.    The picture below shows that Gomaco's GP3 product's slew drive, and a crawler track rotatably coupled to the jacking column and configured to rotate about a second axis to a second angular orientation relative to the jacking column:



93.     Gomaco's Smart Leg Positioning and Smart Track / Extreme Steering contain the

power drives with rotary sensors that communicate with the processor, as shown below:

**Formatted:** Indent: Left: 0.56", Hanging: 0.25"



**Smart Leg Positioning on Four-Track Pavers**
Pivot arms for the paver legs feature rotary-sensored slew drives. These smart pivots provide the G+ controls with information on the pivot arm angle, which coupled with the track rotation sensors, maintain the tracks in the straight-ahead line for steering, even when the leg pivot is at an angle.

**Smart Track Steering on Four-Track Pavers**
Track steering and rotation is accomplished with rotary-sensored slew drives. This smart track rotation provides the G+ controls with exact track location and position. Extreme steering is now possible with the tracks having the ability to steer farther than ever before.

Smart leg pivoting and smart track rotation now lets the G+ system automatically control the direction and speed of each individual track as it travels through a radius.

*See* Exhibit 21 at 3.

94.     As shown in paragraphs 27 through 67 above, the remaining '318 Accused

Products contain substantially similar components and operate in substantially the same manner,

such that they also infringe the '318 Patent.

95.     Gomaco is aware of G&Z's patents, including the '318 Patent.  Despite knowing

that its products infringe the '318 Patent, on information and belief Gomaco made no effort to

49

avoid infringement but instead incorporated infringing technology into additional products, including those identified in this complaint.

96.     The actions described above demonstrate Gomaco's blatant and egregious disregard for G&Z's patent rights.  As such, Gomaco acted recklessly, willfully, wantonly, and deliberately engaged in acts of infringement of the '318 Patent, justifying an award to G&Z of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

97.     Gomaco's infringement of the '318 Patent has injured and continues to injure G&Z in an amount to be proven at trial, but not less than a reasonable royalty.

98.     Gomaco's infringement has caused and is continuing to cause damage and irreparable injury to G&Z, and G&Z will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.  G&Z is entitled to injunctive relief.

## COUNT III
### (Direct Infringement of the '723 Patent pursuant to 35 U.S.C. § 271(a))

99.     G&Z repeats, realleges, and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

100.    Gomaco has infringed and continues to infringe Claims 1-7 of the '723 Patent in violation of 35 U.S.C. § 271(a).

101.    Gomaco's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

102.    Gomaco's acts of making, using, selling, and offering for sale infringing products and services have been and are without the permission, consent, authorization, or license of G&Z.

50

103.    Gomaco's infringement includes, but is not limited to, the manufacture, use, sale, and/or offer for sale of Gomaco's products and services, including its GP3, GP4, GP-2400, Commander III (four track), and 3300, and all products or services that incorporate Gomaco's Smart Leg Positioning and/or Smart Track / Extreme Steering and contain the components listed in the next paragraph (collectively, the "'723 Accused Products").

104.    The '723 Accused Products embody the patented invention of and infringe the '723 Patent because they are paving machines, comprising: a plurality of swing legs coupled with a module frame via a hinged bracket and hydraulically actuated to pivot the swing leg about a vertical axis; a jacking column secured to each swing leg, comprising: telescopic outer and inner tubes, hydraulic actuator comprising a cylinder and piston operable within the outer and inner tubes, and spaced apart axial bearings coupled to the outer tube and/or the inner tube; a crawler track coupled to a yoke rotatably coupled to the jacking column; and two transducers that indicate the relative angles of the swing leg relative to the modular frame, and the crawler track and yoke relative to the jacking column, to an onboard computer or processor; a slew gear drive capable of steering the crawler track under load without lifting the crawler track, secured to a lower end of the inner tube and to a top of the yoke to translate rotational movements between the jacking column and the crawler track.

105.    For example, the picture below shows the swing leg, jacking column, crawler track and slew drive of Gomaco's GP4 product:

51



*Jacking column*

*Swing leg*

*Slew drive*

*Crawler track*

*See* Exhibit 10 at 3.

106. The picture below shows that Gomaco's GP4 product contains a plurality of swing legs coupled with a module frame:



Plurality of Swing Legs

Formatted: Font: Italic

Formatted: Justified

*See* Exhibit 10 at 3.

107.    Gomaco's Smart Leg Positioning and Smart Track / Extreme Steering contain the transducers that communicate with an onboard computer or processor, as shown below:



**Smart Leg Positioning**
Pivot arms for the paver legs feature rotary-sensored slew drives. These Smart Pivots provide the G+ controls with information on the angle of rotation, which coupled with the track rotation sensors, maintain the tracks in the straight-ahead line for steering.

**Smart Track Steering**
Track steering and rotation is accomplished with rotary-sensored slew drives. This smart track rotation provides the G+ controls with exact track location and position. Extreme steering is now possible, with the tracks having the ability to steer farther than ever before.

Smart leg pivoting and smart track rotation now lets the G+ system automatically control the direction and speed of each individual track as it travels through a radius.

*See* Exhibit 10 at 3.

108.    As shown in paragraphs 27 through 67 above, the remaining '723 Accused Products contain substantially similar components and operate in substantially the same manner, such that they also infringe the '723 Patent.

109.    Gomaco is aware of G&Z's patents, including the '723 Patent.  Despite knowing that its products infringe the '723 Patent, on information and belief Gomaco made no effort to avoid infringement.

110.    The actions described above demonstrate Gomaco's blatant and egregious disregard for G&Z's patent rights.  As such, Gomaco acted recklessly, willfully, wantonly, and deliberately engaged in acts of infringement of the '723 Patent, justifying an award to G&Z of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

111.    Gomaco's infringement of the '723 Patent has injured and continues to injure G&Z in an amount to be proven at trial, but not less than a reasonable royalty.

53

112. Gomaco's infringement has caused and is continuing to cause damage and irreparable injury to G&Z, and G&Z will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court. G&Z is entitled to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, G&Z prays for judgment and relief as follows:

A.      An entry of judgment holding that Defendants have infringed and are infringing the '~~749, '101, '571, '020~~ '167, '723, and '~~167~~318 Patents;

B.      A preliminary and permanent injunction against Defendants and their officers, employees, agents, servants, attorneys, instrumentalities, and those in privity with them, from infringing the '~~749, '101, '571, '020~~167, '723, and '~~167~~318 Patents, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

C.      An award to G&Z of such past damages, not less than a reasonable royalty, as it shall prove at trial against Defendants that is adequate to fully compensate G&Z for Defendants' infringement of the '~~749, '101, '571, '020~~167, '723, and '~~167~~318 Patents;

D.      A determination that Defendants' infringement has been willful, wanton, and deliberate and that the damages against it be increased up to treble on this basis or for any other basis in accordance with the law;

E.      A finding that this case is "exceptional" and an award to G&Z of its costs and reasonable attorneys' fees, as provided by 35 U.S.C. § 285;

F.      An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the '~~749, '101, '571, '020~~167, '723, and '~~167~~318 Patents; and

54

G.     Such further and other relief as the Court may deem proper and just.

**<u>DEMAND FOR JURY TRIAL</u>**

G&Z demands a jury trial on all issues so triable.

By: */s/ Paul J. Andre*

<table>
<tr>
<td valign="top">

Paul D. Lundberg (#WO0003339)
(Lead Counsel)
~~LUNDBERG~~<u>GOOSMANN</u> LAW FIRM~~, P.L.C.~~
~~600 4th~~<u>510 5th</u> Street~~, Suite 906~~
Sioux City, IA  51101
(712) ~~234-3030~~<u>226-4000</u>
~~paul@lundberglawfirm~~<u>lundbergp@goosmannlaww</u>.com

Dated: ~~June 4, 2020~~<u>April 17, 2024</u>

</td>
<td valign="top">

Paul J. Andre (admitted *pro hac vice*)
Lisa Kobialka (<u>admitted</u> *pro hac vice* ~~pending~~)
James Hannah (admitted *pro hac vice*)
~~Austin Manes (admitted *pro hac vice*)~~
KRAMER LEVIN NAFTALIS & FRANKEL LLP
~~990 Marsh Road~~
~~Menlo Park~~<u>333 Twin Dolphin Drive, Suite 700</u>
<u>Redwood Shores</u>, CA ~~94025~~<u>94065</u>
(650) 752-1700
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
~~amanes@kramerlevin.com~~


*Attorneys for Plaintiff*
*Guntert & Zimmerman Const. Div., Inc.*

</td>
</tr>
</table>

55

Case 5:20-cv-04007-CJW-KEM   Document 112-24   Filed 04/17/24   Page 56 of 57

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on ~~June 4, 2020,~~April 17, 2024, I

electronically filed the foregoing document with the Clerk of the Court using the ECF system

which will send notification to the following counsel of record.

| | |
|---|---|
| Luke J. McCammon<br>David Mroz<br>Sonja W. Sahlsten<br>Finnegan Henderson Farabow Garrett<br>& Dunner LLP<br>901 New York Avenue NW<br>Washington, DC 20001<br>luke.mccammon@finnegan.com<br>david.mroz@finnegan.com<br>sonja.sahlsten@finnegan.com | Thaddeus E. Cosgrove<br>Cosgrove Law Firm<br>102 N. Main<br>PO Box 50<br>Holstein, IA 51025<br>cosgrove1@frontiernet.net |

By: */s/ Paul J. Andre*

Paul J. Andre
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
~~990 Marsh Road~~
~~Menlo Park~~333 Twin Dolphin Drive, Suite
700
Redwood Shores, CA ~~94025~~94065
(650) 752-1700
pandre@kramerlevin.com

56