IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| GUNTERT & ZIMMERMAN CONST. DIV., INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> GOMACO CORP., an Iowa Corporation, <br><br> Defendant. | Case No. 5:20-cv-04007-CJW-KEM <br><br> **PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** |

OF COUNSEL:

Paul J. Andre (admitted *pro hac vice*)
Lisa Kobialka admitted (*pro hac vice*)
James Hannah (admitted *pro hac vice*)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
(650) 752-1700
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

Dated: April 17, 2024

Paul D. Lundberg (#WO0003339)
GOOSMAN LAW FIRM
510 5th Street
Sioux City, IA 51101
(712) 226-4000
lundbergp@goosmannlaw.com

*Attorneys for Plaintiff*
*Guntert & Zimmerman Const. Div., Inc.*

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS ............................................................................................. 2

    A. Background of The Case............................................................................................ 2

    B. The Related Issues in the Proposed SAC .................................................................. 4

III. JUSTICE REQUIRES GRANTING G&Z LEAVE TO FILE ITS SAC ........................... 5

    A. The Interests of Judicial Economy, Efficiency, and Fairness Weigh
in Favor of Permitting G&Z to Add the New Patents to this Case.......................... 7

    B. G&Z Acted Diligently and Did Not Delay Seeking Leave to Amend ................... 8

    C. G&Z's Amendment Will Not Result in Undue Prejudice or Delay ...................... 10

IV. CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Attentive Mobile Inc. v. 317 Labs, Inc.*,
    No. 22-cv-01163-CJB, 2023 WL 6215825 (D. Del. Sept. 25, 2023) ........................................6

*Automated Layout Techs., LLC v. Precision Steel Sys., LLC*,
    No. 4:20cv3127, 2022 WL 17632836 (D. Neb. Dec. 13, 2022) ......................................5, 7, 8

*Bayer CropScience LP v. Glass*,
    No. 4:23-cv-00087-JAR, 2024 WL 1283287 (E.D. Mo. Mar. 25, 2024) ...............................8

*Bell v. Allstate Life Insurance Co.*,
    160 F.3d 452 (8th Cir. 1998) .....................................................................................................11

*British Telecomms. PLC v. Palo Alto Networks, Inc.*,
    No. 22-cv-01538-CJB, 2023 WL 7634934 (D. Del. Nov. 14, 2023) ........................................6

*Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    644 F.2d 690 (8th Cir. 1981) ....................................................................................................11

*Cellular Commc'ns Equip. LLC v. AT&T Inc.*,
    No. 2:15-cv-00576, 2017 WL 2267296 (E.D. Tex. May 24, 2017) .........................................7

*Delta Indus. Servs., Inc. v. Kollmorgen Corp.*,
    No. 18-cv-3203, 2019 WL 1615401 (D. Minn. Apr. 16, 2019) ...............................................11

*Energy Envtl. Corp. v. City & County of Denver*,
    No. 21-cv-02235-PAN-SBP, 2024-WL 1300267 (D. Colo. Mar. 26, 2024) ............................6

*Entangled Media, LLC v. Dropbox Inc.*,
    No. 23-cv-03264-PCP, 2024 WL 575277 (N.D. Cal. Feb. 13, 2024) ......................................6

*FUJIFILM Sonosite, Inc. v. Butterfly Network, Inc.*,
    No. 1:22-cv-00309-JPM, Slip. Op. (D. Del. Jun. 6, 2023) .......................................................6

*Gamon Plus, Inc. v. Campbell Soup Co.*,
    No. 1:15-cv-08940, 2022 WL 18284439 (N.D. Ill. Jun. 2, 2022) ............................................9

*Guntert & Zimmerman Const. Div., Inc. v. Godbersen-Smith Const. Co.*,
    No. 22-1831 (Fed. Cir.) .............................................................................................................9

*High 5 Games, LLC v. Marks*,
    No: 13-cv-07161 (JMV), 2017 WL 349375 (D. N.J. Jan. 24, 2017) .......................................9

*Nitride Semiconductors Co. v. Digi-Key Corp.*,
    No. 17-cv-04359, Slip. Op. (D. Minn. Aug. 10, 2020) .............................................................9

*Reyes v. N. Tex. Tollway Auth.*,
   No. 3:10-cv-0868-G, 2015 WL 4939726 (N.D. Tex. Aug. 19, 2015) .........................................7

*Smith v. RW's Bierstube, Inc*.,
   No. 17-cv-1866 (PJS/HB), 2018 WL 8754184 (D. Minn. Jan. 12, 2018) ...............................11

*Traxxas, L.P. v. Hobbico, Inc.*,
   No. 2:16-cv-00768-JRG-RSP, Slip. Op. (E.D. Tex. Aug 29, 2017) .........................................8

*Triumph LLC v. B. Braun Med., Inc*,
   No. 3:22-cv-01177-L, Slip. Op. (N.D. Tex. Jan, 23, 2023) ......................................................10

*Unisone Strategic IP, Inc. v. TraceLink, Inc*.,
   No. 3:13-cv-1743-GPC-LL, 2019 WL 4015837 (S.D. Cal. Aug. 26, 2019) ...........................11

*Well Master Corp. v. Flowco Prod. Sols., LLC*,
   No. 21-cv-02145-CMA-KAS, 2023 WL 8652229 (D. Colo. Dec. 14, 2023) ...........................6

*Zvelo Inc. v. Sonicwall, Inc*.,
   No. 06-cv-00445-PAB-KLM, 2012 WL 2872115 (D. Colo. July 12, 2012)...........................11

**Statutes**

35 U.S.C. § 101.................................................................................................................................6, 9

**Other Authorities**

Federal Rules of Civil Procedure Rule 15(a)(2) ......................................................................5, 10

Federal Rules of Civil Procedure Rule 15 ..................................................................................2, 5

Federal Rules of Civil Procedure Rule 16(b)................................................................................5

Manual of Patent Examining Procedure § 609.02 II.A.2.................................................................3

## I. INTRODUCTION

Plaintiff Guntert & Zimmerman Construction Division, Inc. ("G&Z") respectfully requests leave to amend its complaint filed nearly four years ago to reflect developments that have occurred during the 39 months that this case has been stayed. Early in the case on January 13, 2021, the Court stayed this litigation based on *Inter Partes Review* proceedings ("IPRs") that Defendant Gomaco Corporation ("Defendant") requested before the Patent Trial and Appeal Board ("PTAB") to do a post-issuance review of the Asserted Patents. Much has happened during the stay. As a result, G&Z seeks to amend its pleadings with its proposed Second Amended Complaint ("SAC"), which will result in efficiencies for the Court and the parties.

The primary amendment is adding two patents, U.S. Patent Nos. 11,535,318 ("the '318 Patent"), and 11,772,723 ("the '723 Patent") (collectively, "New Patents"), which issued during the stay of this case. Declaration of James Hannah ("Hannah Decl.") filed herewith, Exs. 1-2. These New Patents are related to the currently asserted U.S. Patent No. 10,053,167 ("the '167 Patent"), a patent for which Defendant's IPR request was unsuccessful. The '167 Patent shares the same specification as the New Patents and three of the four inventors are involved with the New Patents. Further, the Accused Products for the New Patents overlap with the Accused Products for the '167 Patent. As a result, the New Patents will involve the same discovery and claim construction issues with the issues already in the case.

Additionally, to the extent the '318 Patent is added to this case, G&Z seeks to add Defendant's recently-released product, the Xtreme GT-3600 Hybrid, which is a hybrid version of a currently asserted accused product - Xtreme GT-3600, as an accused product. Including this newly introduced product in this case would result in judicial economy.

1
Case 5:20-cv-04007-CJW-KEM   Document 112-25   Filed 04/17/24   Page 5 of 17

Separately, G&Z is seeking to remove allegations relating to U.S. Patent Nos. 9,708,020 ("the '020 Patent"), 9,908,571 ("the '571 Patent"), 10,029,749 ("the '749 Patent"), and 10,196,101 ("the '101 Patent") ("the previously asserted patents"), as the claims asserted in this case were found to be invalid in the IPR proceedings and thus are no longer at issue.

Given the related nature of the proposed amendments and the judicial economy that will result in having the New Patents addressed in this case, which is coming off of a lengthy stay, G&Z has good cause to amend its complaint. Further, all the factors of Rule 15 of the Federal Rules of Civil Procedure weigh strongly in favor of permitting the amendment given the stage and procedural posture of the case.

## II. STATEMENT OF FACTS

### A. Background of The Case

G&Z, a family-owned company spanning three generations, was founded in 1942 to support the war effort with its heavy equipment. Dkt. No. 43-1 at ¶ 2. Today, G&Z is known for its innovative paving machines used for spreading, leveling, and finishing concrete for projects such as highways and airport runways that it developed after substantial research and development. *Id.* at ¶¶ 2-3, 5. As a result of its innovation, G&Z has been awarded numerous patents. When G&Z discovered Defendant, who is a direct competitor, was utilizing its innovative patented technology, it brought this lawsuit for patent infringement on February 26, 2020. Dkt. No. 1. G&Z subsequently amended its complaint on June 4, 2020 ("First Amended Complaint"). Dkt. No. 29.

Subsequently, in October and November of 2020, Defendant filed seven IPR petitions and the PTAB instituted review of all the patents but declined to review the '167 Patent. Dkt. Nos. 78-3, 78-4, 78-5, 78-6, 78-7, 78-8, 78-9, 91-1, 91-2, 91-3, 91-4, 91-5. Thereafter, the Court granted Defendant's motion to stay the litigation on January 13, 2021 (Dkt. No. 82), which lasted

3.25 years (Docs. 103-104, 108). When the stay was entered, the case was still in its early stages. Notably, Defendants' Motion to Stay noted the early stage of the case, stating that "the parties are only in the beginning of discovery, document production is far from complete, the parties have not had any 30(b)(1) or 30(b)(6) depositions, the claim construction hearing has not been held, expert discovery has not begun, and trial is far away." Dkt. No. 79 at 1-2, 6-9. When the Court granted Defendant's Motion to Stay, the Court similarly held that "there is still plenty of outstanding discovery, including most depositions, expert discovery, third-party discovery, and all email discovery. The court has not yet scheduled or held the claim construction hearing or ruled on claim construction. The dispositive-motion deadline is still many months away, and trial is not scheduled for another sixteen months. Thus, much work remains to be done in this case." Dkt. No. 82 at 5. Since the stay was lifted, the Court has not issued a scheduling order.

During the stay, G&Z continued its innovation and patent prosecution. G&Z disclosed to the Patent Office all the alleged prior art cited in the IPRs and the PTAB's Final Written Decisions ("FWD"). Thus, the Patent Office considered for the applications for the '318 and '723 Patents all the alleged prior art and relevant information from the IPRs before issuing the '318 and '723 Patents. Hannah Decl., Ex. 1 (the '318 Patent) at 1-3.[1] Ultimately, the Patent Office determined that these references did not impact the continuation patent applications and issued the '318 and '723 Patents on December 27, 2022 and October 3, 2023, respectively.[2]

---

[1] Pursuant to Manual of Patent Examining Procedure § 609.02 II.A.2, all prior art considered in an earlier filed parent application is also considered by the examiner and does not need to be refiled. Thus, the Patent Office considered all the prior art during prosecution for the '723 Patent that was cited for the '318 Patent.

[2] Notably, the New Patents were issued after the deadline for filing motions to amend the pleadings and after the Court granted the over 3 year stay of the case.

In January 2024, Defendant released a new product named Xtreme GT-3600 Hybrid, which is a hybrid version of the already accused Xtreme GT-3600. *See* Hannah Decl., Ex. 10 (Xtreme GT-3600 Hybrid brochure); *see also id.*, Ex. 11 (https://www.constructionequipment.com/paving-equipment-materials-production/video/33035528/gomaco-gt-3600-hybrid-walk-around); *id.*, Ex. 15 (https://www.linkedin.com/posts/tradelinkmedia_gomaco-gt-3600-hybrid-activity-7160192810170671104-QrYV). Given its recent introduction to the marketplace and that it is an extension of the already accused Xtreme GT-3600, there are judicial efficiencies in having this new product included in this case.

Notably, G&Z met and conferred with Defendant about the proposed SAC. Hannah Decl., ¶ 2. Also, during the status hearing before the Court on April 3, 2024, G&Z informed the Court that it would be seeking to file this motion and the Court ordered G&Z to file by April 17, 2024. Dkt. No. 111.

**B.     The Related Issues in the Proposed SAC**

G&Z's proposed amendments to the pleadings are reflected in the comparison between G&Z's Amended Complaint and proposed SAC. *See* Motion Ex. B. For example, G&Z is seeking to assert the '723 Patent against all the same Accused Products already accused of infringing the '167 Patent. *Id.* at ¶¶ 72, 103. Similarly, the '318 Patent is asserted against all the accused products, which are already in the case. *Id.* at ¶¶ 89, 102. Additionally, G&Z is adding further allegations relating to Defendant's infringement of the '167 Patent. *Id.* at ¶¶ 75-79.

Another amendment is removing the four patents which the PTAB found were invalid. *Id.* (updating ¶ 48 and Prayer for Relief; deleting ¶¶ 11-19, 23-25, 63-113). G&Z is also seeking to add the Xtreme GT-3600 Hybrid, which is a hybrid version of the currently asserted accused

4

product Xtreme GT-3600, as an accused product, and add specificity with regards to the '167 Patent's infringement. The remaining amendments are to reflect the current state of the law.

### III. JUSTICE REQUIRES GRANTING G&Z LEAVE TO FILE ITS SAC

Pursuant to Rule 15 of the Federal Rules of Civil Procedure ("Rule 15"), G&Z seeks to amend its complaint because after enduring a 39 month stay, it should have an opportunity to update its patent allegations against its largest competitor. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). G&Z respectfully requests that the Court uses its discretion to permit the proposed amendment. *See Automated Layout Techs., LLC v. Precision Steel Sys., LLC*, No. 4:20cv3127, 2022 WL 17632836, at *3 (D. Neb. Dec. 13, 2022) (granting plaintiff's motion for leave to file second amended complaint to add a recently issued patent). And while it is not necessary for G&Z to demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure to amend its complaint since the Court has not yet set a scheduling order for the case, G&Z nonetheless can demonstrate that it has good cause for seeking to amend. *See id.* (finding that the plaintiff demonstrated good case for the late filing of its motion for leave to file second amended complaint to add a recently issued patent).

For example, there is good cause to amend given the significant changes in circumstances that occurred in the over three year stay. *See id.* ("Good cause to amend a complaint after the deadline has passed 'may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading.'") (citation omitted). The New Patents issued after the stay was implemented and the Asserted Claims of the patents that G&Z is seeking to drop were cancelled in the IPR proceedings. Thus, these facts did not exist until after the stay was in place. Additionally, developments in patent law supports the remaining proposed amendments. For example, G&Z has added more

background about the novelty and uniqueness of the '167 Patent, pursuant to 35 U.S.C. § 101. *See e.g., Attentive Mobile Inc. v. 317 Labs, Inc.*, No. 22-cv-01163-CJB, 2023 WL 6215825 (D. Del. Sept. 25, 2023) (denying defendants' motion to dismiss and finding that plaintiff's custom-generated deeplink messaging patents were not directed to an abstract idea); *British Telecomms. PLC v. Palo Alto Networks, Inc.*, No. 22-cv-01538-CJB, 2023 WL 7634934 (D. Del. Nov. 14, 2023) (denying defendants' motion to dismiss and finding that plaintiff's security monitoring patents encompasses patentable subject matter); Hannah Decl., Ex. 16, *FUJIFILM Sonosite, Inc. v. Butterfly Network, Inc.*, No. 1:22-cv-00309-JPM, Slip. Op. at 4-12 (D. Del. Jun. 6, 2023) (denying defendant's motion to dismiss and finding that plaintiff's ultrasonic diagnostic patents were not directed to an abstract idea); *Energy Envtl. Corp. v. City & County of Denver*, No. 21-cv-02235-PAN-SBP, 2024-WL 1300267, at *8-15 (D. Colo. Mar. 26, 2024) (denying defendant's motion to dismiss and finding that plaintiff's hydronic building system control patent presents a solution to the problems presented in the specification and provides sufficient specificity such that it are not directed to "the abstract idea of a solution to the problem in general") (citation omitted); *Well Master Corp. v. Flowco Prod. Sols., LLC*, No. 21-cv-02145-CMA-KAS, 2023 WL 8652229, at *2-8 (D. Colo. Dec. 14, 2023) (denying defendant's motion to dismiss and finding that plaintiff's gas lift plunger patents were not directed to an abstract idea); *Entangled Media, LLC v. Dropbox Inc.*, No. 23-cv-03264-PCP, 2024 WL 575277, at *3-8 (N.D. Cal. Feb. 13, 2024) (denying defendant's motion to dismiss and finding that plaintiff's cloud-based file system patents were not directed to an abstract idea).

  Further, G&Z's request for leave is appropriate because there has not been "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility" with respect to G&Z's proposed

6

Case 5:20-cv-04007-CJW-KEM    Document 112-25    Filed 04/17/24    Page 10 of 17

amendments.  *See Automated Layout Techs.*, 2022 WL 17632836, at *3 (citation omitted).  As explained above, the relevant facts that support the amendments occurred after the Court implemented the stay, such that they could not be alleged until the stay was lifted.

>     A.     **The Interests of Judicial Economy, Efficiency, and Fairness Weigh in Favor of Permitting G&Z to Add the New Patents to this Case**

Given the related nature of the new patent allegations, it would be more efficient and result in judicial economy for the parties and the Court to handle G&Z's infringement allegations against Defendant for the '318 and '723 Patents at the same time the '167 Patent is addressed. Not only do these patents have the same specification as the '167 Patent, they are asserted against the same products already at issue in the case.[3]  As a result, fact discovery and claim construction issues for all three patents substantially overlap.  It would result in judicial economy if G&Z can pursue its infringement allegations for the '318 and '723 Patents in this case.  Similarly, it would be more efficient and result in judicial economy for the parties and the Court to handle the infringement allegations against the accuses Xtreme GT-3600 product together with its newly-launched hybrid version – Defendant's Xtreme GT-3600 Hybrid product.

This is an instance where "judicial efficiency is (1) important, and (2) a basis upon which amendments are allowed in cases."  *Cellular Commc'ns Equip. LLC v. AT&T Inc.*, No. 2:15-cv-00576, 2017 WL 2267296, at *2-3 (E.D. Tex. May 24, 2017) (granting defendant's leave to amend its answer to plaintiff's third amended complaint, because it will promote judicial efficiency rather than forcing defendant to file its claim in a separate lawsuit) (citations omitted); *see also Reyes v. N. Tex. Tollway Auth.*, No. 3:10-cv-0868-G, 2015 WL 4939726, at *3 (N.D. Tex. Aug. 19, 2015) ("granting leave to amend [under Rule 16] would . . . promote judicial

---

[3] Except for the newly added product, Xtreme GT-3600 Hybrid, which is a hybrid version of the Xtreme GR-3600 already at issue in the case.

efficiency by minimizing subsequent lawsuits arising out of the same factual circumstances") (citation omitted). It would not make sense to have two separate litigations involving the same parties with overlapping subject matter proceeding before the same court. Permitting the amendment would avoid "two separate litigations with overlapping subject matter proceeding at unequal paces." *See Automated Layout Techs.*, 2022 WL 17632836, at *4 (granting Plaintiff's motion for leave to file second amended complaint to add a recently issued patent); *see also* Hannah Decl., Ex. 17, *Traxxas, L.P. v. Hobbico, Inc.*, No. 2:16-cv-00768-JRG-RSP, Slip. Op. at *2-3 (E.D. Tex. Aug 29, 2017) (granting plaintiff's motion to amend its complaint to add two patents and at least eight accused products finding "it to be in the interest of judicial efficiency to consider [plaintiff]'s claims stemming from the [two] Patents as to [defendant] in the same case as the already asserted patents").

The interests of justice and fairness also weigh in favor of permitting G&Z to add the New Patents into the litigation, now that G&Z is finally having its day in court after a very lengthy stay. While some of the claims of the patents that G&Z is seeking to drop were invalidated by the PTAB, the PTO issued the New Patents over the prior art that Defendant presented in the IPRs.

  **B.  G&Z Acted Diligently and Did Not Delay Seeking Leave to Amend**

"The primary measure of good cause is the movant's diligence[.]" *Bayer CropScience LP v. Glass*, No. 4:23-cv-00087-JAR, 2024 WL 1283287, at *1 (E.D. Mo. Mar. 25, 2024) (granting plaintiffs leave to amend their complaint to assert four additional claims, finding they were diligent) (citation omitted). G&Z diligently sought this motion for leave upon the Court lifting the stay. G&Z raised its intent to amend the complaint when the parties re-initiated correspondence, exchanged emails with opposing counsel, and discussed the requested amendment during the Status Hearing held on April 3, 2024. Dkt. No. 111.

There was no delay, as G&Z could not have asserted the New Patents sooner, which issued *after* the stay was instituted, and could not have added the newly-launched Xtreme GT-3600 Hybrid, which was only released on January 2024. For the patents that G&Z is seeking to drop, all appeals were exhausted recently. Appeal Affirmed (Summarily) on January 18, 2024 (Dkt. No. 61) and Mandate issued on February 27, 2024 (Dkt. No. 62) (Hannah Decl., Ex. 18), in *Guntert & Zimmerman Const. Div., Inc. v. Godbersen-Smith Const. Co.*, No. 22-1831 (Fed. Cir.)). Indeed, with respect to dropping some patents, G&Z "meet[s] the standard for 'good cause' because [it] diligently sought amendment after the [previously asserted] patents were invalidated." *See Gamon Plus, Inc. v. Campbell Soup Co.*, No. 1:15-cv-08940, 2022 WL 18284439, at *1-3 (N.D. Ill. Jun. 2, 2022) (granting plaintiff's motion to amend its complaint following IPR proceedings to remove allegations for invalidated patents and to identify the accused products with more specificity); *High 5 Games, LLC v. Marks*, No: 13-cv-07161 (JMV), 2017 WL 349375, at *4-5 (D. N.J. Jan. 24, 2017) (granting plaintiff's motion to amend its complaint to assert an additional patent since plaintiff was diligent).

The remaining proposed amendments relate to updates based on patent law. For example, since the original complaint was filed, there has been substantial case law written on the pleadings needed to address 35 U.S.C. § 101. As a result, G&Z is timely seeking to include these allegations in the proposed SAC.

Finally, G&Z had no obligation to amend its complaint during the stay. *See* Hannah Decl., Ex. 19, *Nitride Semiconductors Co. v. Digi-Key Corp.*, No. 17-cv-04359, Slip. Op. at *7 (D. Minn. Aug. 10, 2020) ("While the case was stayed, Plaintiff had no obligation to amend its Complaint or otherwise litigate this case."). Thus, G&Z has been diligent with respect to its proposed amendment.

9

### C. G&Z's Amendment Will Not Result in Undue Prejudice or Delay

Defendant will not suffer any prejudice as a result of the amendment given the overlap in the subject matter relating to the New Patents and the overlapping infringing technology between Xtreme GT-3600 and the newly-launched Xtreme GT-3600 Hybrid product. Defendant itself explains that "[t]he Xtreme GT-3600 is now available as a hybrid machine[.]" Hannah Decl., Ex. 10 at 1 (GT-3600 Hybrid brochure). Defendant cannot claim it would be unduly prejudiced with the proposed amendments, where, during a stay, Defendant elected to incorporate the claimed functionality into its Xtreme GT-3600 Hybrid product. Since no schedule has issued, the requested amendment will not require a change in case deadlines and there will not be any delay. *See* Hannah Decl., Ex. 20, *Triumph LLC v. B. Braun Med., Inc*, No. 3:22-cv-01177-L, Slip. Op. at *1 (N.D. Tex. Jan, 23, 2023) (granting plaintiff's motion for leave to amend and supplement complaint pursuant to Rule 15(a)(2) even though plaintiff failed to explain why the matters at issue could not be included in the original complaint, finding no undue prejudice or delay because a scheduling order has not been issued and case deadlines are not in effect).

Further, this case was stayed at the early stage of the case, a fact that Defendant and the Court recognized. Both Defendant in its Motion to Stay and the Court in its Order granting Defendant's Motion to Stay, agreed that the case is at an early stage. Dkt. No. 79 at 1-2, 6-9; Dkt. No. 82 at 5 (the Court noting that "much work remains to be done in this case"). Defendant's description of the early stage of the case justifies permitting the amendment at this stage of the case. Specifically, Defendant stated that "[t]he parties and the Court have far more work ahead of them than behind them"; "[s]ignificant work remains to ready this case for trial"; and "the fact that a trial date has been set does not change that the overwhelming majority of work in this case remains to be done." Dkt. No. 79 at 1, 7, 8. Notably, "[i]n general, a movant does not unduly delay if she files her motion to amend pleadings in the early stages of litigation."

10
Case 5:20-cv-04007-CJW-KEM   Document 112-25   Filed 04/17/24   Page 14 of 17

*Smith v. RW's Bierstube, Inc.*, No. 17-cv-1866 (PJS/HB), 2018 WL 8754184, at *7 (D. Minn. Jan. 12, 2018) (citing *Arcaro v. City of Anoka*, No. 13-cv-2772 (JNE/LIB), 2014 WL 1265452, at *6 (D. Minn. Oct. 31, 2014)); *see also Delta Indus. Servs., Inc. v. Kollmorgen Corp.*, No. 18-cv-3203 (PJS/SER), 2019 WL 1615401, at *2 (D. Minn. Apr. 16, 2019) (finding no undue delay in moving to amend during the early stages of litigation). Thus, there would not be any prejudice or undue delay if G&Z is permitted to amend its pleadings now.

Further, several courts have found that after a lengthy stay, there is no undue prejudice or delay when a party seeks to amend its pleadings. *See, e.g., Unisone Strategic IP, Inc. v. TraceLink, Inc.*, No. 3:13-cv-1743-GPC-LL, 2019 WL 4015837, at *1-2 (S.D. Cal. Aug. 26, 2019) (finding no undue delay in the plaintiff's motion to amend where the case had been stayed for several years at the defendant's request); *zvelo, Inc. v. Sonicwall, Inc.*, No. 06-cv-00445-PAB-KLM, 2012 WL 2872115, at *3 (D. Colo. July 12, 2012) (same). And the potential for some prejudice does not suffice to deny leave to amend. "[E]ven where some prejudice to the adverse party would result if the motion to amend were granted, that prejudice must be balanced against the hardship to the moving party if it is denied." *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981) (citation omitted); *accord*, *Bell v. Allstate Life Insurance Co.*, 160 F.3d 452, 454 (8th Cir. 1998). Here, it would be incredibly prejudicial to deny G&Z the opportunity to amend the pleadings in a case that was filed four years ago and was stayed for over three years.

## IV. CONCLUSION

For the foregoing reasons, G&Z respectfully requests that the Court grant this Motion for Leave to File a Second Amended Complaint.

Respectfully submitted,

By: */s/ Paul J. Andre*

| | |
|---|---|
| Paul D. Lundberg (#WO0003339) | Paul J. Andre (admitted *pro hac vice*) |
| (Lead Counsel) | Lisa Kobialka (admitted *pro hac vice*) |
| GOOSMANN LAW FIRM | James Hannah (admitted *pro hac vice*) |
| 510 5th Street | KRAMER LEVIN NAFTALIS |
| Sioux City, IA 51101 | & FRANKEL LLP |
| (712) 226-4000 | 333 Twin Dolphin Drive, Suite 700 |
| lundbergp@goosmannlaw.com | Redwood Shores, CA 94065 |
| | (650) 752-1700 |
| Dated: April 17, 2024 | pandre@kramerlevin.com |
| | lkobialka@kramerlevin.com |
| | jhannah@kramerlevin.com |

*Attorneys for Plaintiff*
*Guntert & Zimmerman Const. Div., Inc.*

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 17, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to the following counsel of record.

Luke J McCammon
David Mroz
Sonja W Sahlsten
Finnegan Henderson Farabow Garrett & Dunner LLP
901 New York Avenue NW
Washington, DC 20001
luke.mccammon@finnegan.com
david.mroz@finnegan.com
sonja.sahlsten@finnegan.com

*Counsel for Defendant
Gomaco Corp.*

Thaddeus E. Cosgrove
Cosgrove Law Firm
102 N Main
PO Box 50
Holstein, IA 51025
cosgrove1@frontiernet.net

By: */s/ Paul J. Andre*
Paul J. Andre
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
(650) 752-1700
pandre@kramerlevin.com