**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

|  |  |
|---|---|
| GUNTERT & ZIMMERMAN CONST. DIV., INC., a California Corporation, | C.A. No. 5:20-cv-04007-CJW-KEM |
| Plaintiff, | GOMACO'S ANSWER TO SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT, DEFENSES, AND COUNTERCLAIMS |
| vs. | |
| GOMACO CORP., an Iowa Corporation, | |
| Defendant. | |

Defendant GOMACO Corp. ("GOMACO") respectfully answers and asserts defenses and counterclaims to the Second Amended Complaint for Patent Infringement ("Complaint") filed by Guntert & Zimmerman Const. Div., Inc. ("G&Z") and docketed on October 16, 2024.

## THE PARTIES

1.     GOMACO lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 1 of the Complaint and therefore denies them.

2.     GOMACO admits that GOMACO Corporation is a registered active fictitious name for Godbersen-Smith Construction Company, which is an Iowa corporation with its principal place of business at 121 East Highway 175 in Ida Grove, IA 51445. GOMACO denies that Evelyn Lawhead is its registered agent. GOMACO admits that its registered agent is David Petersen at 121 E State Highway 175, Ida Grove, IA 51445. GOMACO denies the remaining allegations of Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      GOMACO admits that this is an action arising under the Patent Act, 35 U.S.C.

§ 101 *et seq*. GOMACO does not contest the jurisdiction of this Court.

4.      GOMACO does not contest that venue is proper in this Court.

5.      GOMACO admits that it is organized under the laws of the State of Iowa and has

its principal place of business in Ida Grove, Iowa. GOMACO does not contest the jurisdiction of

this Court. GOMACO denies the remaining allegations in Paragraph 5 of the Complaint.

## G&Z'S INNOVATIONS

6.      GOMACO admits that G&Z's product offerings include slipform pavers and

other products. GOMACO lacks sufficient knowledge and information to admit or deny the

remaining allegations of Paragraph 6 of the Complaint and therefore denies them.

7.      GOMACO admits that G&Z's product offerings include concrete slipform pavers

and other support equipment. GOMACO admits that the photograph in Paragraph 7 of the

Complaint appears in Exhibit 6, which purports to be a brochure for G&Z's S400 Slipform

Paver. GOMACO lacks sufficient knowledge and information to admit or deny the remaining

allegations of Paragraph 7 of the Complaint and therefore denies them.

8.      GOMACO admits that the photograph in Paragraph 8 of the Complaint appears in

Exhibit 7, which purports to be a brochure for G&Z's S600 Slipform Paver. GOMACO lacks

sufficient knowledge and information to admit or deny the remaining allegations of Paragraph 8

of the Complaint and therefore denies them.

9.      GOMACO admits that the photograph in Paragraph 9 of the Complaint appears in

Exhibit 8, which purports to be a brochure for G&Z's S850 Slipform Paver. GOMACO lacks

sufficient knowledge and information to admit or deny the remaining allegations of Paragraph 9

of the Complaint and therefore denies them.

10. Paragraph 10 of the Complaint relates to allegations related to the '167 patent, which the Court has dismissed (Dkt. 128) and deemed inoperative (Dkt. 131). Because they are inoperative, GOMACO denies the allegations of Paragraph 10 of the Complaint.

### G&Z'S ASSERTED PATENTS

11. Paragraph 11 of the Complaint relates to allegations related to the '167 patent, which the Court has dismissed (Dkt. 128) and deemed inoperative (Dkt. 131). Because they are inoperative, GOMACO denies the allegations of Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint relates to allegations related to the '167 patent, which the Court has dismissed (Dkt. 128) and deemed inoperative (Dkt. 131). Because they are inoperative, GOMACO denies the allegations of Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint relates to allegations related to the '167 patent, which the Court has dismissed (Dkt. 128) and deemed inoperative (Dkt. 131). Because they are inoperative, GOMACO denies the allegations of Paragraph 13 of the Complaint.

14. GOMACO admits that U.S. Patent No. 11,535,318 ("the '318 patent") issued on December 27, 2022, bearing the title "AUTOMATICALLY ADJUSTING SWING LEGS FOR MOUNTING AND ALIGNING AND REORIENTING CRAWLERS." GOMACO admits that the individuals named as inventors on the face of the '318 patent are Ronald M. Guntert, Jr., Gerald Dahlinger, and Richard Wood Francis.

15. GOMACO lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 15 of the Complaint and therefore denies them.

16. GOMACO denies the allegations of Paragraph 16 of the Complaint.

17. GOMACO admits that U.S. Patent No. 11,772,723 ("the '723 patent") issued on October 3, 2023, bearing the title "AUTOMATICALLY ADJUSTING SWING LEGS FOR MOUNTING AND ALIGNING AND REORIENTING CRAWLERS." GOMACO admits that

3

the individuals named as inventors on the face of the '723 patent are Ronald M. Guntert, Jr., Gerald Dahlinger, and Richard Wood Francis.

18.     GOMACO lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 18 of the Complaint and therefore denies them.

19.     GOMACO denies the allegations of Paragraph 19 of the Complaint.

20.     GOMACO denies the allegations of Paragraph 20 of the Complaint. GOMACO denies that the '167 is an asserted patent because the Court dismissed G&Z's infringement allegations for that patent (Dkt. 128). When the Complaint uses the term "Asserted Patents," GOMACO answers only with respect to the '318 patent and the '723 patent.

21.     GOMACO denies the allegations of Paragraph 21 of the Complaint.

22.     GOMACO denies the allegations of Paragraph 22 of the Complaint.

23.     GOMACO denies the allegations of Paragraph 23 of the Complaint.

24.     GOMACO denies the allegations of Paragraph 24 of the Complaint.

25.     GOMACO denies the allegations of Paragraph 25 of the Complaint.

26.     GOMACO denies the allegations of Paragraph 26 of the Complaint.

## **GOMACO'S PRODUCTS**

27.     GOMACO admits the allegations in Paragraph 27 of the Complaint.

28.     GOMACO admits the allegations in Paragraph 28 of the Complaint.

29.     GOMACO admits that its "Curb & Gutter" line includes its 3300, Xtreme GT-3600 (including Xtreme GT-3600 Hybrid), and Xtreme Commander IIIx products.

### GP3 Product

30.     GOMACO admits that the GP3 product is a slipform paver. GOMACO admits that the image in Paragraph 30 of the Complaint appears in Exhibit 9, which appears to be a

4

brochure for GOMACO's GP3 product. GOMACO denies the remaining allegations in Paragraph 30 of the Complaint.

31.    GOMACO admits that the image in Paragraph 31 of the Complaint appears in Exhibit 9, which appears to be a brochure for GOMACO's GP3 product. GOMACO denies the remaining allegations in Paragraph 31 of the Complaint.

32.    GOMACO admits that the image in Paragraph 32 of the Complaint appears in Exhibit 21, which appears to be a brochure for GOMACO's GP3 product. GOMACO denies the remaining allegations in Paragraph 32 of the Complaint.

<u>GP4 Product</u>

33.    GOMACO admits that the GP4 product is a slipform paver. GOMACO admits that the image in Paragraph 33 of the Complaint appears in Exhibit 10, which appears to be a brochure for GOMACO's GP4 product. GOMACO denies the remaining allegations in Paragraph 33 of the Complaint.

34.    GOMACO admits that the image in Paragraph 34 of the Complaint appears in Exhibit 10, which appears to be a brochure for GOMACO's GP4 product. GOMACO denies the remaining allegations in Paragraph 34 of the Complaint.

35.    GOMACO admits that the image in Paragraph 35 of the Complaint appears in Exhibit 22, which appears to be a brochure for GOMACO's GP4 product. GOMACO denies the remaining allegations in Paragraph 35 of the Complaint.

<u>GP-2400 Product</u>

36.    GOMACO admits that the GP-2400 product is a slipform paver. GOMACO admits that the image in Paragraph 36 of the Complaint appears in Exhibit 11, which appears to be a brochure for GOMACO's GP-2400 product. GOMACO denies the remaining allegations in Paragraph 36 of the Complaint.

37.     GOMACO admits that the photographs in Paragraph 37 of the Complaint purport to be photographs of GOMACO's GP-2400 product. GOMACO denies the remaining allegations in Paragraph 37 of the Complaint.

<u>Commander III (three and four track) Products</u>

38.     GOMACO admits that the Commander III (3 track) product is a slipform paver. COMACO admits that the image in Paragraph 38 of the Complaint appears in Exhibit 12, which appears to be a brochure for GOMACO's Commander III product. GOMACO denies the remaining allegations in Paragraph 38 of the Complaint.

39.     GOMACO admits that the Commander III (4 track) product is a slipform paver. GOMACO admits that the image in Paragraph 39 of the Complaint appears in Exhibit 12, which appears to be a brochure for GOMACO's Commander III product. GOMACO denies the remaining allegations in Paragraph 39 of the Complaint.

40.     GOMACO admits that the photographs in Paragraph 40 of the Complaint purport to be photographs of GOMACO's Commander III (4 track) product. GOMACO denies the remaining allegations in Paragraph 40 of the Complaint.

<u>3300 Product</u>

41.     GOMACO admits that the 3300 product is a slipform paver. GOMACO admits that the image in Paragraph 41 of the Complaint appears in Exhibit 13, which appears to be a brochure for GOMACO's 3300 product. GOMACO denies the remaining allegations in Paragraph 41 of the Complaint.

42.     GOMACO admits that the image in Paragraph 42 of the Complaint appears in Exhibit 13, which appears to be a brochure for GOMACO's 3300 product. GOMACO denies the remaining allegations in Paragraph 42 of the Complaint.

43.     GOMACO admits that the image in Paragraph 43 of the Complaint appears in Exhibit 13, which appears to be a brochure for GOMACO's 3300 product. GOMACO denies the remaining allegations in Paragraph 43 of the Complaint.

<u>Xtreme GT-3600 Product</u>

44.     GOMACO admits that the Xtreme GT-3600 product is a slipform paver. GOMACO admits that the image in Paragraph 44 of the Complaint appears in Exhibit 14, which appears to be a brochure for GOMACO's Xtreme GT-3600 product. GOMACO denies the remaining allegations in Paragraph 44 of the Complaint.

<u>Xtreme GT-3600 Hybrid Product</u>

45.     GOMACO admits that the Xtreme GT-3600 Hybrid product is slipform paver. GOMACO admits that the image in Paragraph 45 of the Complaint appears in Exhibit 23, which appears to be a brochure for GOMACO's Xtreme GT-3600 Hybrid product. GOMACO denies the remaining allegations in Paragraph 45 of the Complaint.

<u>Xtreme Commander IIIx Product</u>

46.     GOMACO admits that the Xtreme Commander IIIx product is a slipform paver. GOMACO admits that the image in Paragraph 46 of the Complaint appears in Exhibit 12, which appears to be a brochure for GOMACO's Commander III product. GOMACO denies the remaining allegations in Paragraph 46 of the Complaint.

47.     GOMACO admits that the image in Paragraph 47 of the Complaint appears in Exhibit 12, which appears to be a brochure for GOMACO's Commander III product. GOMACO denies the remaining allegations in Paragraph 47 of the Complaint.

## DEFENDANT'S WILLFUL INFRINGEMENT OF G&Z'S PATENTS[1]

48. GOMACO denies the allegations of Paragraph 48 of the Complaint.

49. GOMACO admits that U.S. Provisional Application No. 61/318,223, to which the Asserted Patents claim priority, was filed on March 26, 2010. GOMACO denies the remaining allegations of Paragraph 49 of the Complaint.

50. GOMACO admits that it introduced its GP3 product in 2015. GOMCAO denies the remaining allegations in Paragraph 50 of the Complaint.

51. GOMACO admits the allegations in Paragraph 51 of the Complaint.

52. GOMACO denies the allegations in Paragraph 52 of the Complaint.

53. GOMACO denies the allegations in Paragraph 53 of the Complaint.

54. GOMACO denies the allegations in Paragraph 54 of the Complaint.

55. GOMACO denies the allegations in Paragraph 55 of the Complaint.

56. GOMACO admits that during prosecution of the application leading to U.S. Patent No. 9,541,195, it cited U.S. Patent No. 9,359,727 and U.S. Patent Pub. No. 2016/0251042. GOMACO denies that it cited U.S. Patent Pub. No. 2011/0236129 during prosecution of U.S. Patent No. 9,541,195. GOMACO admits that the '020 patent purports to be a continuation of the '727 patent, which purports to be a continuation of the '898 patent. GOMACO admits that the asserted '318 patent and '723 patent claim priority to the '020 patent, the '727 patent, and the '898 patent. GOMACO denies the remaining allegations of Paragraph 56 of the Complaint.

57. GOMACO admits that during prosecution of the application leading to U.S. Patent No. 10,005,489, it cited U.S. Patent No. 9,359,727, U.S. Patent Pub. No. 2016/0251042, and U.S. Patent Pub. No. 2011/0236129. GOMACO admits that the asserted '318 patent and

---

[1] GOMACO reproduces this and other headings of G&Z's Complaint for organizational purposes but denies any inherent allegations therein.

'723 patent claim priority to the '898 patent. GOMACO denies the remaining allegations of Paragraph 57 of the Complaint.

58.     GOMACO admits that during prosecution of the application leading to U.S. Patent No. 9,464,716, it cited U.S. Patent Pub. No. 2011/0236129, which is related to U.S. Provisional Application No. 61/318,223, to which the asserted '318 patent and '723 patent claim priority. GOMACO denies the remaining allegations of Paragraph 58 of the Complaint.

59.     GOMACO denies the allegations of Paragraph 59 of the Complaint.

60.     GOMACO admits that GOMACO and G&Z are competitors. GOMACO denies the remaining allegations of Paragraph 60 of the Complaint.

61.     GOMACO admits that the products accused of infringement are paving machines, some of which may be used for paving highways and airports. GOMACO denies the remaining allegations of Paragraph 61 of the Complaint.

62.     GOMACO admits that GOMACO has attended certain trade shows and has relationships with its customers. GOMACO lacks sufficient knowledge and information to admit or deny the remaining allegations of Paragraph 62 of the Complaint and therefore denies them.

63.     GOMACO admits that it is aware of some G&Z products. GOMACO denies the remaining allegations of Paragraph 63 of the Complaint.

64.     GOMACO denies the allegations of Paragraph 64 of the Complaint.

65.     GOMACO lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 65 of the Complaint and therefore denies them.

66.     GOMACO lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 66 of the Complaint and therefore denies them.

67.     GOMACO denies the allegations of Paragraph 67 of the Complaint.

## COUNT I
### (Direct Infringement of the '167 Patent pursuant to 35 U.S.C. § 271(a))

68.    GOMACO incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

69.    Paragraph 69 of the Complaint relates to allegations related to the '167 patent, which the Court has dismissed (Dkt. 128) and deemed inoperative (Dkt. 131). Because they are inoperative, GOMACO denies the allegations of Paragraph 69 of the Complaint.

70.    Paragraph 70 of the Complaint relates to allegations related to the '167 patent, which the Court has dismissed (Dkt. 128) and deemed inoperative (Dkt. 131). Because they are inoperative, GOMACO denies the allegations of Paragraph 70 of the Complaint.

71.    Paragraph 71 of the Complaint relates to allegations related to the '167 patent, which the Court has dismissed (Dkt. 128) and deemed inoperative (Dkt. 131). Because they are inoperative, GOMACO denies the allegations of Paragraph 71 of the Complaint.

72.    Paragraph 72 of the Complaint relates to allegations related to the '167 patent, which the Court has dismissed (Dkt. 128) and deemed inoperative (Dkt. 131). Because they are inoperative, GOMACO denies the allegations of Paragraph 72 of the Complaint.

73.    Paragraph 73 of the Complaint relates to allegations related to the '167 patent, which the Court has dismissed (Dkt. 128) and deemed inoperative (Dkt. 131). Because they are inoperative, GOMACO denies the allegations of Paragraph 73 of the Complaint.

74.    Paragraph 74 of the Complaint relates to allegations related to the '167 patent, which the Court has dismissed (Dkt. 128) and deemed inoperative (Dkt. 131). Because they are inoperative, GOMACO denies the allegations of Paragraph 74 of the Complaint.

75.     Paragraph 75 of the Complaint relates to allegations related to the '167 patent, which the Court has dismissed (Dkt. 128) and deemed inoperative (Dkt. 131). Because they are inoperative, GOMACO denies the allegations of Paragraph 75 of the Complaint.

76.     Paragraph 76 of the Complaint relates to allegations related to the '167 patent, which the Court has dismissed (Dkt. 128) and deemed inoperative (Dkt. 131). Because they are inoperative, GOMACO denies the allegations of Paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint relates to allegations related to the '167 patent, which the Court has dismissed (Dkt. 128) and deemed inoperative (Dkt. 131). Because they are inoperative, GOMACO denies the allegations of Paragraph 77 of the Complaint.

78.     Paragraph 78 of the Complaint relates to allegations related to the '167 patent, which the Court has dismissed (Dkt. 128) and deemed inoperative (Dkt. 131). Because they are inoperative, GOMACO denies the allegations of Paragraph 78 of the Complaint.

79.     Paragraph 79 of the Complaint relates to allegations related to the '167 patent, which the Court has dismissed (Dkt. 128) and deemed inoperative (Dkt. 131). Because they are inoperative, GOMACO denies the allegations of Paragraph 79 of the Complaint.

80.     Paragraph 80 of the Complaint relates to allegations related to the '167 patent, which the Court has dismissed (Dkt. 128) and deemed inoperative (Dkt. 131). Because they are inoperative, GOMACO denies the allegations of Paragraph 80 of the Complaint.

81.     Paragraph 81 of the Complaint relates to allegations related to the '167 patent, which the Court has dismissed (Dkt. 128) and deemed inoperative (Dkt. 131). Because they are inoperative, GOMACO denies the allegations of Paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint relates to allegations related to the '167 patent, which the Court has dismissed (Dkt. 128) and deemed inoperative (Dkt. 131). Because they are inoperative, GOMACO denies the allegations of Paragraph 82 of the Complaint.

83. Paragraph 83 of the Complaint relates to allegations related to the '167 patent, which the Court has dismissed (Dkt. 128) and deemed inoperative (Dkt. 131). Because they are inoperative, GOMACO denies the allegations of Paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint relates to allegations related to the '167 patent, which the Court has dismissed (Dkt. 128) and deemed inoperative (Dkt. 131). Because they are inoperative, GOMACO denies the allegations of Paragraph 84 of the Complaint.

## COUNT II
### (Direct Infringement of the '318 Patent pursuant to 35 U.S.C. § 271(a))

85. GOMACO incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

86. GOMACO denies the allegations of Paragraph 86 of the Complaint.

87. GOMACO denies the allegations of Paragraph 87 of the Complaint.

88. GOMACO denies the allegations of Paragraph 88 of the Complaint.

89. GOMACO denies the allegations of Paragraph 89 of the Complaint.

90. GOMACO denies the allegations of Paragraph 90 of the Complaint.

91. GOMACO admits that, except for certain annotations, the image in Paragraph 91 of the Complaint appears in Exhibit 21, which appears to be a brochure for GOMACO's GP3 product. GOMACO denies the remaining allegations of Paragraph 91 of the Complaint.

92. GOMACO denies the allegations of Paragraph 92 of the Complaint.

93. GOMACO admits that the image in Paragraph 93 of the Complaint appears in Exhibit 21, which appears to be a brochure for GOMACO's GP3 product. GOMACO denies the remaining allegations of Paragraph 93 of the Complaint.

94. GOMACO denies the allegations of Paragraph 94 of the Complaint.

95. GOMACO denies the allegations of Paragraph 95 of the Complaint.

96. GOMACO denies the allegations of Paragraph 96 of the Complaint.

97. GOMACO denies the allegations of Paragraph 97 of the Complaint.

98. GOMACO denies the allegations of Paragraph 98 of the Complaint.

## COUNT III
### (Direct Infringement of the '723 Patent pursuant to 35 U.S.C. § 271(a))

99. GOMACO incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

100. GOMACO denies the allegations of Paragraph 100 of the Complaint.

101. GOMACO denies the allegations of Paragraph 101 of the Complaint.

102. GOMACO denies the allegations of Paragraph 102 of the Complaint.

103. GOMACO denies the allegations of Paragraph 103 of the Complaint.

104. GOMACO denies the allegations of Paragraph 104 of the Complaint.

105. GOMACO admits that, except for certain annotations, the image in Paragraph 105 of the Complaint appears in Exhibit 10, which appears to be a brochure for GOMACO's GP4 product. GOMACO denies the remaining allegations of Paragraph 105 of the Complaint.

106. GOMACO admits that, except for certain annotations, the image in Paragraph 106 of the Complaint appears in Exhibit 10, which appears to be a brochure for GOMACO's GP4 product. GOMACO denies the remaining allegations of Paragraph 106 of the Complaint.

107.     GOMACO admits that the image in Paragraph 107 of the Complaint appears in Exhibit 10, which appears to be a brochure for GOMACO's GP4 product. GOMACO denies the remaining allegations of Paragraph 107 of the Complaint.

108.     GOMACO denies the allegations of Paragraph 108 of the Complaint.

109.     GOMACO denies the allegations of Paragraph 109 of the Complaint.

110.     GOMACO denies the allegations of Paragraph 110 of the Complaint.

111.     GOMACO denies the allegations of Paragraph 111 of the Complaint.

112.     GOMACO denies the allegations of Paragraph 112 of the Complaint.

## PRAYER FOR RELIEF

GOMACO denies that G&Z is entitled to any of the relief requested in the Complaint.

## DEMAND FOR JURY TRIAL

GOMACO admits that G&Z demands a jury trial on all issues so triable. GOMACO, likewise, demands a jury trial on all issues so triable.

## DEFENSES

Without conceding that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to GOMACO'S right to plead additional defenses as discovery into the facts of the matter warrant, GOMACO asserts the following defenses.

## GOMACO's First Defense

GOMACO has not and does not infringe the claims of the Asserted Patents as alleged in the Complaint, either literally or under the doctrine of equivalents.

## GOMACO's Second Defense

GOMACO has not engaged and is not engaging in any act that constitutes willful infringement of any claim of the Asserted Patents.

### GOMACO's Third Defense

The claims of the Asserted Patents are invalid for failure to meet one or more conditions of patentability set forth in Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### GOMACO's Fourth Defense

The claims of the Asserted Patents are and were limited by amendment, by the prior art, by the statements made during their prosecution before the United States Patent and Trademark Office ("USPTO"), and/or by the statements made during proceedings before the Patent Trial and Appeal Board involving the Asserted Patents or related patents, such that G&Z is now estopped and otherwise precluded from maintaining that such claims are of sufficient scope to cover the Accused Products, either literally or under the doctrine of equivalents.

### GOMACO's Fifth Defense

G&Z's claims for damages are limited pursuant to 35 U.S.C. § 287.

### GOMACO's Sixth Defense

G&Z's claims for damages are limited pursuant to 35 U.S.C. § 286.

### GOMACO's Seventh Defense

G&Z's is barred by 35 U.S.C. § 288 from recovering any costs associated with this suit.

### GOMACO's Eighth Defense

G&Z's request for injunctive relief is barred in whole or in part because there exists an adequate remedy in law and Plaintiff's claims fail to meet the requirements for such relief.

### GOMACO's Ninth Defense

G&Z lacks standing to assert all or a portion of the claims in the Complaint.

## GOMACO's Tenth Defense

The claims of the Asserted Patens are unenforceable for patent misuse. Before G&Z filed its motion to amend the complaint to allege infringement of the Asserted Patents, G&Z knew that the claims of the Asserted Patents were invalid. The Patent Trial and Appeal Board held substantially similar claims of related U.S. Patent No. 10,029,749 ("the '749 patent") unpatentable, and that decision was affirmed by the Federal Circuit. Despite this, G&Z brought its claims of infringement of the Asserted Patents. GOMACO has filed petitions for inter partes review challenging the claims of the Asserted Patents as unpatentable based on the same grounds that the Board previously used to find the claims of the '749 patent unpatentable. G&Z filed and continues to pursue its claims of infringement of the Asserted Patents in bad faith. G&Z has attempted to extend the scope of the Asserted Patents beyond their legally permissible scope with intended anticompetitive effects.

## COUNTERCLAIMS

### The Parties

1.      Counterclaim Plaintiff GOMACO Corporation ("GOMACO") is the registered active fictitious name for Godbersen-Smith Construction Company, a corporation organized and existing under the laws of Iowa with its principal place of business is at 121 East Highway 175 in Ida Grove, IA 51445.

2.      By its own assertion, Guntert & Zimmerman Const. Div., Inc. ("G&Z") is a California Corporation with its principal place of business at 222 East Fourth Street in Ripon, California 95366.

16

## Jurisdiction and Venue

3.      GOMACO's counterclaims for declaratory judgment arise under the Federal Declaratory Judgment Act and the patent laws of the United States, more particularly 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 and 35 U.S.C. § 100 et seq.

4.      This Court has personal jurisdiction over G&Z because G&Z submitted itself to the jurisdiction of this Court.

5.      Venue is proper in this judicial district for the following counterclaims because G&Z has consented to this venue by asserting and filing claims of patent infringement against GOMACO.

## Counterclaim I: Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,535,318

6.      GOMACO repeats and realleges the allegations set forth in Paragraphs 1 to 5 of its Counterclaims, as if fully set forth herein.

7.      G&Z has asserted U.S. Patent No. 11,535,318 ("the '318 patent") against GOMACO in this judicial district, alleging that GOMACO infringes one or more claims of the '318 patent under 35 U.S.C. § 271(a).

8.      GOMACO has not and does not infringe the claims of the '318 patent as alleged in the Complaint either literally or under the doctrine of equivalents.

9.      An actual controversy exists between the parties as to whether GOMACO infringes any claim of the '318 patent.

10.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., GOMACO is entitled to a judicial declaration that it has not infringed and does not infringe any claim of the '318 patent.

**Counterclaim II: Declaratory Judgment of Invalidity of U.S. Patent No. 11,535,318**

11. GOMACO repeats and realleges the allegations set forth in Paragraphs 1 to 10 of its Counterclaims, as if fully set forth herein.

12. The claims of the '318 patent are invalid for failure to meet one or more conditions of patentability set forth in Title 35 of the United States Code.

13. An actual controversy exists between the parties as to the validity of the '318 patent.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., GOMACO is entitled to a judicial declaration that the claims of the '318 patent are invalid.

**Counterclaim III: Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,772,723**

15. GOMACO repeats and realleges the allegations set forth in Paragraphs 1 to 14 of its Counterclaims, as if fully set forth herein.

16. G&Z has asserted U.S. Patent No. 11,772,723 ("the '723 patent") against GOMACO in this judicial district, alleging that GOMACO infringes one or more claims of the '723 patent under 35 U.S.C. § 271(a).

17. GOMACO has not and does not infringe the claims of the '723 patent as alleged in the Complaint either literally or under the doctrine of equivalents.

18. An actual controversy exists between the parties as to whether GOMACO infringes any claim of the '723 patent.

19. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., GOMACO is entitled to a judicial declaration that it has not infringed and does not infringe any claim of the '723 patent.

**Counterclaim IV: Declaratory Judgment of Invalidity of U.S. Patent No. 11,772,723**

20.　　GOMACO repeats and realleges the allegations set forth in Paragraphs 1 to 19 of its Counterclaims, as if fully set forth herein.

21.　　The claims of the '723 patent are invalid for failure to meet one or more conditions of patentability set forth in Title 35 of the United States Code.

22.　　An actual controversy exists between the parties as to the validity of the '723 patent.

23.　　Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., GOMACO is entitled to a judicial declaration that the claims of the '723 patent are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, GOMACO respectfully requests that the Court:

A. Dismiss the Complaint with prejudice;

B. Enter a judgment in favor of GOMACO;

C. Declare that GOMACO has not infringed and currently is not infringing any claims of the Asserted Patents, literally, under the doctrine of equivalents, willfully, or in any other manner;

D. Enjoin G&Z from asserting the Asserted Patents against GOMACO;

E. Declare that the claims of the Asserted Patents are invalid;

F. Declare that the claims of the Asserted Patents are unenforceable;

G. Declare that this is an exceptional case as defined by 35 U.S.C. § 285 and award GOMACO its attorneys' fees and full costs of suit;

H. Award GOMACO monetary relief, including damages and the costs of the action pursuant to applicable laws; and

I.   Award GOMACO such and other further relief as this Court deems just and appropriate.

GOMACO reserves the right to supplement or amend this Answer and its Counterclaims, if necessary, after further investigation and as more information becomes known.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, GOMACO respectfully demands a trial by jury on all issues so triable.

Date: November 8, 2024                           Respectfully submitted,

                                                 /s/ *Luke J. McCammon*
                                                 Luke J. McCammon (Admitted *pro hac vice*)
                                                 David K. Mroz (Admitted *pro hac vice*)
                                                 Sonja W. Sahlsten (Admitted *pro hac vice*)
                                                 **FINNEGAN, HENDERSON, FARABOW,
                                                 GARRETT & DUNNER, LLP**
                                                 901 New York Avenue, NW
                                                 Washington, DC 20001-4413
                                                 Telephone: (202) 408-4000
                                                 Facsimile: (202) 408-4400
                                                 luke.mccammon@finnegan.com
                                                 david.mroz@finnegan.com
                                                 sonja.sahlsten@finnegan.com

                                                 Thaddeus Cosgrove, AT0001750
                                                 **Cosgrove Law Firm**
                                                 607 W. Second Street
                                                 Ida Grove, Iowa 51445
                                                 Telephone: (712) 364-4138
                                                 Facsimile: (712) 364-4445
                                                 tcosgroveig@netllc.net

                                                 *Counsel for Defendant GOMACO Corp.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 8, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, a copy of which will be served upon all counsel of record registered with the CM/ECF system via Notice of Electronic Filing.

*/s/ Luke J. McCammon*
Luke J. McCammon (Admitted *pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400
luke.mccammon@finnegan.com

*Counsel for Defendant GOMACO Corp.*