IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| GUNTERT & ZIMMERMAN CONST. DIV., INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GOMACO CORP., an Iowa Corporation,<br><br>Defendant. | Case No.: 5:20-cv-04007-CJW-KEM<br><br>**PLAINTIFF GUNTERT & ZIMMERMAN CONST. DIV., INC.'S ANSWER TO THE COUNTERCLAIMS SET FORTH IN DEFENDANT GOMACO CORP.'S ANSWER TO PLANTIFF'S SECOND AMENDED COMPLAINT, DEFENSES, AND COUNTERCLAIMS [DKT. NO. 135]** |

Plaintiff Guntert & Zimmerman ("G&Z" or "Plaintiff") hereby answers the counterclaims by Defendant Gomaco Corp. ("Gomaco" or "Defendant") set forth in Defendant's Answer to Plaintiff's Second Amended Complaint for Patent Infringement, Defenses, and Counterclaims, filed on November 8, 2024 at Dkt. No. 135 (the "Counterclaims"), as follows:

**PARTIES**

1. G&Z admits that Gomaco is a corporation organized and existing under the laws of Iowa, and upon information and belief, that Gomaco is the registered active fictitious name for Godbersen-Smith Construction Company, and that Gomaco has its principal place of business at 121 East Highway 175, Ida Grove, IA 51445.

2. Admitted.

**JURISDICTION AND VENUE**

3. G&Z admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 35 U.S.C.§ 100 *et seq*. G&Z admits that some of the Counterclaims purport to raise claims that would be within the Court's jurisdiction under the

1

Federal Declaratory Judgment Act (28 U.S.C. § 2201 *et seq.*). To the extent not expressly admitted, G&Z denies the allegations in this paragraph of the Counterclaims.

4. G&Z admits that G&Z is subject to personal jurisdiction in this judicial district for the purposes of this action. To the extent not expressly admitted, G&Z denies the allegations in this paragraph of the Counterclaims.

5. G&Z admits that venue is appropriate in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b) for the purposes of this action. To the extent not expressly admitted, G&Z denies the allegations in this paragraph of the Counterclaims.

## COUNTERCLAIM I
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,535,318)

6. G&Z realleges and incorporates by reference the allegations set forth in its Second Amended Complaint, Dkt. No. 132, and the preceding paragraphs of this Answer as though fully set forth herein.

7. Admitted.

8. Denied.

9. G&Z admits that there exists an actual and justiciable controversy between Gomaco and G&Z as to whether Gomaco infringes any claim of U.S. Patent No. 11,535,318 ("the '318 Patent"). To the extent not expressly admitted, G&Z denies the allegations in this paragraph of the Counterclaims.

10. Denied.

## COUNTERCLAIM II
### (Declaratory Judgment of Invalidity of U.S. Patent No. 11,535,318)

11. G&Z realleges and incorporates by reference the allegations set forth in its Second Amended Complaint, Dkt. No. 132, and the preceding paragraphs of this Answer as

though fully set forth herein.

12. Denied.

13. G&Z admits that there exists an actual and justiciable controversy between Gomaco and G&Z as to whether one or more claims of the '318 Patent are invalid. To the extent not expressly admitted, G&Z denies the allegations in this paragraph of the Counterclaims.

14. Denied.

## COUNTERCLAIM III
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,772,723)**

15. G&Z realleges and incorporates by reference the allegations set forth in its Second Amended Complaint, Dkt. No. 132, and the preceding paragraphs of this Answer as though fully set forth herein.

16. Admitted.

17. Denied.

18. G&Z admits that there exists an actual and justiciable controversy between Gomaco and G&Z as to whether Gomaco infringes any claim of U.S. Patent No. 11,772,723 ("the '723 Patent"). To the extent not expressly admitted, G&Z denies the allegations in this paragraph of the Counterclaims.

19. Denied.

## COUNTERCLAIM IV
**(Declaratory Judgment of Invalidity of U.S. Patent No. 11,772,723)**

20. G&Z realleges and incorporates by reference the allegations set forth in its Second Amended Complaint, Dkt. No. 132, and the preceding paragraphs of this Answer as though fully set forth herein.

21. Denied.

22. G&Z admits that there exists an actual and justiciable controversy between Gomaco and G&Z as to whether one or more claims of the '723 Patent are invalid. To the extent not expressly admitted, G&Z denies the allegations in this paragraph of the Counterclaims.

23. Denied.

## GOMACO'S PRAYER FOR RELIEF

G&Z denies that Gomaco is entitled to any relief, and specifically denies the allegations and requests for relief set forth in paragraphs A-I under the heading "Prayer for Relief" at pages 19-20 of the Counterclaims.

## DEFENDANT'S DEMAND FOR JURY TRIAL

G&Z has demanded a jury trial on all issues so triable and admits that Gomaco purports to join in this demand.

## G&Z'S AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, and without waiver, limitation, or prejudice, G&Z hereby asserts the following affirmative defenses:

### G&Z's First Affirmative Defense
### (Failure to State Claim)

1. G&Z realleges and incorporates by reference the allegations set forth in its Second Amended Complaint, Dkt. No. 132, and the preceding paragraphs of this Answer as though fully set forth herein.

2. Counterclaims I-IV fail to state a cause of action upon which relief may be granted. Each of the Counterclaims seeks a declaration either that Defendant has not infringed

a patent asserted in this action, or that those same patents are invalid. As such, the Counterclaims are duplicative, presenting issues already before the Court in G&Z's Complaint, and do not serve any useful purpose. The Counterclaims are also conclusory and fail to allege any facts to support the assertions of non-infringement or invalidity. Thus, they fail to provide fair notice of the basis for the claims. Therefore, declaratory relief is inappropriate and Defendant's Counterclaims fail for lack of sufficient pleading.

## G&Z'S Reservation of Defenses

3. G&Z's investigation of its defenses is ongoing. G&Z reserves the right to allege and assert any additional defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

## G&Z'S PRAYER FOR RELIEF

G&Z prays for relief against the Counterclaims as follows:

A. That each of the Counterclaims be dismissed with prejudice;

B. For an entry of judgment that Defendant is not entitled to the relief sought, or any other relief, on the Counterclaims;

C. That the Court award G&Z the relief sought in its Complaint;

D. For an entry of judgment declaring that Defendant infringes all claims of the asserted patents;

E. For an entry of judgment declaring that each and every claim of the asserted patents is valid and enforceable;

F. For a finding that this case is "exceptional" and an award to G&Z of its costs and reasonable attorney's fees, as provided by 35 U.S.C. § 285;

G. That G&Z be granted all further and other relief as the Court may deem proper and just.

Paul D. Lundberg (#WO0003339)
(Lead Counsel)
GOOSMANN LAW FIRM
510 5th Street
Sioux City, IA 51101
(712) 226-4000
lundbergp@goosmannlaw.com

Dated: November 26, 2024

By: */s/ Paul J. Andre*
Paul J. Andre (admitted *pro hac vice*)
Lisa Kobialka (admitted *pro hac vice*)
James Hannah (admitted *pro hac vice*)
Ester Levy (admitted *pro hac vice*)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
(650) 752-1700
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
elevy@kramerlevin.com

*Attorneys for Plaintiff*
*Guntert & Zimmerman Const. Div., Inc.*

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 26, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to the following counsel of record.

| | |
|---|---|
| Luke J. McCammon<br>David Mroz<br>Sonja W. Sahlsten<br>Finnegan Henderson Farabow Garrett<br> & Dunner LLP<br>901 New York Avenue NW<br>Washington, DC 20001<br>luke.mccammon@finnegan.com<br>david.mroz@finnegan.com<br>sonja.sahlsten@finnegan.com | Thaddeus E. Cosgrove<br>Cosgrove Law Firm<br>102 N. Main<br>PO Box 50<br>Holstein, IA 51025<br>cosgrove1@frontiernet.net |

*Counsel for Defendant*
*Gomaco Corp.*

                                       By: */s/ Paul J. Andre*
                                            Paul J. Andre
                                            KRAMER LEVIN NAFTALIS
                                             & FRANKEL LLP
                                            333 Twin Dolphin Drive, Suite 700
                                            Redwood Shores, CA 94065
                                            (650) 752-1700
                                            pandre@kramerlevin.com